## JOHN E. O'CONNELL *vs.* DANIEL WALKER.

*Error from Mobile Circuit Court*—Before the Hon. SION
L. PERRY.

The protest of a notary public, stating that notice was given "to the
agent" of a party of the protest of his paper, is not evidence of such
agency, so as to make the notice sufficient.

Such agency must be proved *aliunde* before the protest can be produced
as evidence of notice.

This was an action to recover of O'Connell the amount of
a promissory note, indorsed by him to Walker.   On the trial
in the court below, the plaintiff read in evidence the protest
of Thomas Mather, a notary public, stating that notice had
been left at the counting house of William R. Hallett, the
agent of O'Connell.

The defendant's counsel moved the court to charge the
jury, that the protest was no evidence of agency; which
charge being refused, the same was assigned to this court as
error.

GOLDTHWAITE, for Plaintiff—Cited *Aikin's Dig*. 327.

HALE, *contra*.

By Mr. Chief Justice LIPSCOMB :
On the trial of this cause, in the court below, the plaintiff
produced and read in evidence the protest of Thomas Ma-
ther, a notary public, a copy of which is in the following
words, viz :

O'Connell
vs.
Walker.

"UNITED STATES OF AMERICA:

"*The State of Alabama,* ⎬ *(ss.)*
*City and County of Mobile.* ⎫

"Be it known, that I, Thomas Mather, notary public, dwelling in the aforesaid city of Mobile, duly commissioned and sworn, on the eighteenth day of August, in the year of our Lord one thousand eight hundred and thirty, at the request of the President and Company of the Bank of the United States, did present the original note, a true copy whereof is on the other side written, at the counter of the Bank of Mobile, and demanded payment thereof, to which it was replied, ' it will not be paid for want of funds of the drawer :' Whereupon, I the said notary, at the request aforesaid, did protest, and by these presents, do publicly and solemnly protest, as well against the drawer and indorsers of said note, as against all others whom it doth or may concern, for exchange, re-exchange, and costs, damages, and interest, incurred, or hereafter to be incurred, for want of payment of the said note. Went to the counting house of Wm. C. Hallet, agent of J. E. O'Connell, on the day of the protest, but found no person there to receive notice of the protest. Thus done and protested in the city of Mobile aforesaid ; in testimony whereof, I have hereunto set my hand, and affixed my notarial seal, on the day and year aforesaid.

Signed,          THOMAS MATHER,
                              *Notary Public.*"

It was admitted that the notice was given in time. The defendant's counsel prayed the court to charge the jury, that the protest was no evidence of the agency of Hallet, which charge was refused.

There is no doubt, that but for one statute, the certificate of the notary was inadmissible. This statute provides "that the protest of a notary public, which shall set forth a demand, refusal, non-acceptance, or non-payment of any inland bill of exchange, or other protestable security for money or other

things, and that legal notice, expressing in the said protest, the time when given of such fact or facts, was personally or through the post office, given to any of the parties entitled by law to notice, shall be evidence of the facts it purports to contain ; and entitle the holder of such security to the damages to which by law he may be entitled.''[a]

We believe that a proper construction of the statute, will confine the notarial certificate, when used as evidence, to the facts enumerated ; and as the fact of the agency of Mr. Hallet, cannot by any fair interpretation of the law, be considered as embraced, it should have been proved *aliunde.*  If this agency had been proved, the certificate of the notary would have been evidence that he had received notice.

For this cause, we believe, the judgment must be reversed and the cause remanded.