## CASTLES v. McMATH.

1. If a declaration contains a clear and substantial cause of action, it is not objectional on error, though it may contain irrelevant, or superfluous matter, or even duplicity.
2. Under the act of 1828, declaring the effect of notarial protests, the recital in a protest, that a bill was presented to F. & F., as the agents of the drawees, is not evidence of their agency.
3. Where it does not appear from the bill of exceptions, that the evidence recited, was all that was offered, it will not be so intended, where such an intendment would operate so as to reverse a judgment; and under such circumstances it is enough, if the evidence excepted to, be admissible, though it may be insufficient.

THE defendant in error brought an action of *assumpsit*, in the County Court of Pickens, upon a bill of exchange, of the following tenor, viz:

"CARROLLTON, Ala. March 15, 1838.

"Exchange $1852 80-100ths. Eight months after date of this my first of exchange, second of the same tenor and date unpaid, pay to the order of George G. Child, the sum of eighteen hun-

Castles v. McMath.

dred and fifty-two and eighty hundredths dollars, negotiable and payable at the Branch of the Bank of the State of Alabama at Mobile, for value received, and charge the same to account of

WM. CASTLES.

To Messrs. Scott, Bush & Henley, Mobile, Ala."

The case was tried on the pleas of *non assumpsit and failure of consideration.*

At the trial, a bill of exceptions was taken by the counsel of the plaintiff in error, to the ruling of the court, from which it appears, the defendant in error proposed to read as evidence to the jury, a protest of the bill sued on, for non-acceptance, which is as follows, viz:

"THE STATE OF ALABAMA, CITY AND COUNTY OF MOBILE: Be it known, that I, Thomas Stringer, a notary public, duly commissioned and qualified in and for said county, and dwelling in the city of Mobile, and State of Alabama, on the fifteenth day of November, in the year of our Lord one thousand eight hundred and thirty-eight, at the request of Pitcher & Ball, did present the original bill of exchange, (a true copy of which, is above written,) for acceptance, at the office of Fontaine & Freeman, the agents of Scott, Bush & Henley, in Mobile, and acceptance thereof did demand, and was then and there answered, by John W. Freeman, one of the firm of Fontaine & Freeman, we are their agents, but have no authority to accept, or pay, on their account, any drafts, and that neither of the firm have arrived in the city. Whereupon, I, the said notary, at the request aforesaid, did protest, and by these presents, do publicly and solemnly protest, as well against the drawer and endorsers of said bill of exchange, as against all others whom it doth or may concern, for exchange, re-exchange, and all costs, damages and interest, incurred, or hereafter incurred, for want of acceptance of said bill of ·exchange. Notices of protest addressed to George G. Childs, Wiley Castles, and A. P. Henley, all at Carrollton, Alabama; mailed by me at the post-office, Mobile, this day.

"Thus done and protested, in the city of Mobile, aforesaid.

In testimony whereof, I have hereunto set my hand and affixed my seal, notarial, the day and year aforesaid.

[L. S.]                    THOS. STRINGER, Notary Public."

To the introduction of this protest, as evidence, the counsel of the plaintiff in error objected, but his objection was overruled, and the protest read to the jury; whereupon, the plaintiff excepted, and a verdict and judgment having been rendered against him, he prosecutes a writ of error to this Court, and assigns for error, 1st. The declaration is bad, for duplicity: 2d. The admission of the protest for non-acceptance.

Cochran, for the plaintiff.

Peck & Clark, for the defendant.

COLLIER, C. J.—1. The duplicity complained of in the declaration is, that after setting forth, that the bill was protested for non-acceptance, it goes on to allege a protest for non-payment also. In Evans v. Watrous, (2 Porter's Rep. 205:) it was determined " that under our statute, which prohibits special demurrer, where there is a clear and substantial cause of action set forth in a declaration, though it may contain irrelevant or superfluous matter; or though it may contain duplicity, yet the defendant shall be held to answer it." It is not pretended that the declaration does not contain a good cause of action; but the objection is, that some of its allegations are superfluous, and consequently afford no cause for reversal.

2. It is insisted that the county court should have rejected the protest, for non-acceptance. There can be no doubt, if it were the only evidence adduced by the defendant in error on the trial, that it did not authorize a verdict in his favor. In O'Connell v. Walker, (1 Porter's Rep. 263:) the protest for non-payment recited that the notary " went to the counting house of Wm. C. Hallett, agent of J. E. O'Connell, on the day of the protest, but found no person there to receive notice of the protest," this court held that the recital was no evidence of the agency of Hallett, and say that but for our statute of 1828, " declaring the effect of notarial protests," the protest would not be

Castles v. McMath.

evidence of a demand, refusal and notice, that being made evidence of these facts, it could not be used in proof of a distinct and different matter. The principle of that decision is, we think, decisive to show the effect that should be given to the statement, in regard to the agency of Fontaine & Freeman, and the answer of Freeman.

But the question in the case before us, did not arise upon the effect of the protest, or rather, its sufficiency, as an instrument of evidence: but the inquiry is, was it admissible for any purpose? The protest under the statute cited, if the agency of Fontaine & Freeman had been shown, would have been proof of a demand and refusal to accept. It was then material evidence for the defendant in error, and he might, by proof *aliunde*, have shown that Fontaine & Freeman were the agents of Scott, Bush & Henley, and that due notice of the dishonor of the bill was given to the plaintiff as drawer. These facts being shown by extrinsic evidence, the protest would have fixed the liability of the plaintiff; and as no exception was taken for the want of such proof, we would intend, if necessary, that there was no defect of evidence.

In Bell v. Rhea, Conner & Co. at this term, it was determined, that if the evidence tends to prove a material fact, and be otherwise unexceptionable, the court should allow it to go to the jury. That case is a conclusive authority to show, that the county court did not err in admitting the protest, and the consequence is, its judgment must be affirmed.