Phillips v. Poindexter.

~~~~~~~~~~~~~~~~

## PHILLIPS *vs.* POINDEXTER.

1. The acceptor of a bill of exchange may appoint an agent to pay it, or to refuse payment, and a presentment of the bill to such agent is a sufficient presentment to charge the drawer and endorsers.

2. The protest of a foreign bill, being by the universal custom of merchants *prima facie* evidence of its dishonor, is also evidence, when the demand is made of an agent, to prove the fact of an agency.

3. The books of a notary public, in which he keeps the minutes of his official proceedings, are regarded as public records, and the protest registered therein being the true and only original protest, a certified copy from it is admissible in evidence.

4. The holder of a bill may constitute an agent for its collection, either by the endorsement of it himself, or through the blank endorsement of a prior holder, and when such bill is restored to him, he may sue on it as though it had never been made payable to the agent. The subsequent possession of the bill, in such case, is *prima facie* evidence that it has been so restored, and that the legal title is in him.

ERROR to the Circuit Court of Tallapoosa. Tried before the Hon. John J. Woodward.

RICE & MORGAN, for the plaintiff in error:

1. To charge an endorser on a foreign bill of exchange, a presentment to and demand of payment must be made of the acceptor personally, at his place of business, or his dwelling. There are sound reasons for this rule.—Mason v. Lake, 4 How. (U. S.) Rep. 274.

2. A presentment for payment, to an agent or attorney, is not sufficient, where the acceptor resides in the same city, at the maturity of the bill, unless it be proved *aliunde*, that such agent or attorney has been used to pay money for him.—Chitty on Bills, 400, and cases there cited.

3. The statement in the protest, that the bill was presented "to the attorney in fact" of the acceptor, is not evidence of such agency.—O'Connell v. Walker, 1 Port. 263.

4. The copy of a protest is inadmissible, unless the absence of the original is legally accounted for, especially when there is no proof that it is an examined copy from the books of the notary, or that the notary kept or had any books.

5. The plaintiff below, in the first count of his declaration, claims title to the bill through the endorsement of the defendant Phillips, without noticing the subsequent endorsement of J. J. Poindexter. These allegations show that the legal title was once in J. J. Poindexter, but the plaintiff does not claim through him, and therefore he has no legal title. And the endorsement of J. J. Poindexter has not been stricken out, and ought not to be.—Bullock v. Ogbourn, 13 Ala. 347.

WHITE & PARSONS, for the defendant:

1. A presentment to any known agent to whom he has confided his business generally, during his absence, or on account of his leaving the country, is good.—Story on Bills of Exchange, page 411, and note, with its references.

2. The certificate of a notary is *prima facie* evidence of the facts necessary to constitute a legal protest.—Curry v. Bank of Mobile, 8 Port. 370. Thus if he certify that he gave notice in writing, of the demand, non-payment and protest, (Curry v. Bank of Mobile, *supra*,) "and left at their offices;" or that he had made diligent search for the acceptor, or diligent inquiry for the residences of the drawer and endorser, (all these he may lawfully do,) any of these facts may be controverted by proof.—Townsley v. Sumrall, 2 Pet. 179.

3. The holder, or his authorised agent, is the proper person to make presentment for payment, and any person who is in possession of the bill under a blank endorsement, or with an endorsement, will be deemed a holder for this purpose, although he may in fact be only the agent for the real owner.—Story on Bills of Exchange, 422, § 360.

4. As to the holder's right to fill up or strike out after suit brought, and even on the trial, see Evans v. Gee, 11 Pet. 80; see also, Barker v. United States, 1 Paine's C. C. Rep. 156.

PARSONS, J.—Thomas B. Poindexter, as endorsee of two foreign bills of exchange, brought his action against Z. A. Phillips, the plaintiff in error, as an endorser, and recovered. The counsel of Phillips now insists on various exceptions taken on the trial.

1 & 2. He insists upon a supposed error in the protests. As they are similar, it is sufficient to notice one. The protest of the bill for five hundred dollars shows that the notary "presented said bill of exchange to Mr. T. J. Massie, the attorney in fact of Gooch & Hobson, the acceptors, at his counting room in this city," (New Orleans,) "and demanded payment thereof. I was answered that the same would not be paid;" after which the protest is in the usual form.

It cannot be questioned but that the acceptor of a bill may appoint an agent to pay the same, or to refuse payment; or, generally, with full powers in respect of all his bills. And in such case it appears to me to be sufficient, as to the acceptor and all other parties, that the bill be presented for payment to such agent. For this there is an authority, which I believe has never been overruled. One Ballamy gave a bill of exchange, payable to Newman or bearer, and Newman negotiated it with the Bank of England. The Bank, after receiving part of the amount, demanded the rest of a servant of Ballamy, who did not pay it. Ballamy afterwards failed and the Bank brought assumpsit against Newman and recovered. But a new trial was granted, and as to the only point in the case, which is now in point, Holt, C. J., held that a demand of a servant of the drawer, who used to pay money for him, was a good demand.— The Gov. & Co. of the Bank of England v. Newman, 12 Mod. 211. The law is thus stated in Byles on Bills of Exchange,

119—"And it is sufficient if payment be demanded of an agent who has been authorised to pay, or has usually paid bills for the drawee." That the servant used to pay, or the agent has usually paid, is but evidence of his authority; but the material thing is the fact of his authority, and if that exist it is sufficient. When he is authorised, payment of him may be demanded, and no other demand is necessary. Then, the question is, whether the protest is evidence of the presentment to and of the agency of Mr. Massie. Protests are required by the universal custom of merchants in all countries, in cases of foreign bills of exchange, and the protests of notaries public, in due form, are admitted in all countries as veritable documents, which prove themselves, and are, therefore, admitted in all courts of justice as *prima facie* evidence of the facts contained therein.—Story on Bills of Exchange, § 277.

Now in the case of a foreign bill of exchange, it is clear that a notary may present for payment to the acceptor, and, in case of non-payment, may protest, and that his protest is evidence of these facts; and that is so, because he was officially authorised, and it was his duty to do these acts. So far, therefore, as his official authority and duty extend, he may act, and of such acts his protest is evidence, that is, *prima facie* evidence. Then the question is, whether, in case the acceptor has an agent where his bill is payable, it is not within the official power and according to the duty of the notary to present to him? If he may lawfully do so, and acts accordingly, he may state the facts in his protest, and it is *prima facie* evidence of their truth. When he presents to the acceptor personally and states the refusal to pay, the protest is *prima facie* evidence of both facts, and it is clearly *prima facie* evidence of the identity of the party of whom the demand was made. As it is certain that a demand may be made of an actual agent of the acceptor, there is no conceivable reason why it may not be made by a notary; and if so, there is no conceivable reason why he may not state the facts in his protest; and the facts being so stated, the protest is evidence *prima facie* of their truth; and when the demand and protest are so made, the fact of the agency can no more be denied, in the absence of opposing evidence, than the identity of the acceptor, when the protest states a demand of him personally. It has never been the policy of the law to obstruct commercial facilities,

or to embarrass the credit or circulation of mercantile paper, but it is the policy of the law to advance them all. With this in view, let us suppose that a commission merchant in New Orleans has accepted many bills of exchange; has put his books and funds in the hands of an agent in whom he has full confidence; that he has instructed him as to the bills to be paid and such as are not to be paid; and that this agent is acting openly as such, at an office kept by him for the purpose—is there any thing more to be expected than that a holder of bills, or the notary for him, will go the agent, the very agent, to whom the acceptor gave full powers, and present the bill? And if this may not be done, but the acceptor only must be pursued, whose funds are in the hands of his agent, the probability of prompt payment is diminished and the policy of the law is not regarded. But if it may be done, which I think is so, then it may be stated in the protest, which is evidence of the fact. And if payment may be demanded of the proper agent of the acceptor, it may be done by a notary at Paris or London, if the case require it. In such case, if the holder have to sue a previous party here, it would be extremely hard if he should have to bring a witness according to the common law, or, under the statute, a deposition, to prove the fact of the agency, although stated expressly in the protest, and although the notary was officially authorised to demand payment of the agent. In view of what is settled and of the policy of the law merchant, I think the protest is evidence of the presentment and demand and of the fact of the agency. If this is not so, the consequence is, that there are some acts which a notary is officially required to perform, of which his protest is no evidence. The case of O'Connell v. Walker, 1 Port. 263, is not in point. That was an action against the endorser of a promissory note. The notary stated in his protest that he went to the counting-house of William C. Hallett, agent of the endorser, but found no person there to receive notice. It was held that a notary's certificate of giving notice in such cases was admissible only under the statute, and that the statute did not make it evidence of the agency. And for a similar reason the case of Castles v. McMarth, 1 Ala. 326, is not an authority in this case, for what was there held had reference to an inland bill.

It is further objected by the plaintiff in error that the court below erred in permitting the copy of the protest to be read in

evidence. It appears from the bill of exceptions, that at the commencement of the suit, the counsel for the plaintiff had the original protests in his possession and sent them by mail to the commissioner in New Orleans, who took the deposition of the witness Marks, the notary public who issued the protests; that the counsel had not seen them after they were so sent; and that they were very much worn when they were sent off and a part of one of them destroyed. There was no other proof of the loss or destruction of the original protests. The notary public, in his deposition, annexes and makes parts thereof, copies of the original protests, together with his certificates thereon as to the manner in which he gave notice to the parties interested. The defendant below objected to the reading of these copies of the protests as evidence; but his objection was overruled by the court. We think there was no error in the ruling of the court below. In all cases of foreign bills of exchange, it is the universal custom of the commercial world to require, in the event of non-payment, protests to be drawn up, certifying the fact of non-payment. These protests are usually made by a notary public, who is a public officer vested with authority, and universally recognised as such, and in whose books, protests and other instruments of a solemn character are registered. His certificate under his hand and seal proves itself, and is admitted in all courts as evidence, not conclusive, but *prima facie* evidence of the facts which it sets forth. Regarded as a public officer, his books in which he keeps minutes of his official proceedings are regarded as public records, and are so held by the courtesy and usage of nations.—Bryden v. Taylor, 2 H. & Johns. 396. It is, therefore, incorrect and inaccurate to say, that the protest which, in this case, was sent by the counsel of the plaintiff to the commissioner, was *the original protest*. It was the notary's certificate of protest. The true and only original protest is, the entry made by the notary in his book, and constituting the record of his proceedings. The only question, then, arising from the evidence before the court, was, whether a certified copy of the protest from the books of the notary was admissible to prove the protest. We think it was, and that the law is well established that a certified copy from the books of a public officer, whose duty it is to keep such books, ought to be received in evidence. —1 Greenl. Ev. 534.

3. Another exception taken by the defendant below is, that one of the bills sued on, which is endorsed in blank, shows an endorsement subsequent to that of the defendant; and it is therefore contended, that as the plaintiff in his declaration does not claim through the last endorser, he has no legal title to the bill. This exception is not well taken. The owner of a bill of exchange is not bound to allege and of course is not bound to prove any endorsements beyond those which show title in himself. He may constitute an agent for the collection of it either by endorsing it himself or by means of the blank endorsement of a prior endorser, and he may sue upon the bill as if it had never been made payable to the agent. The agent, it is true, has his election to treat it, as to the other parties to the bill, either as his own property or as that of his principal; but as to the latter, the endorsement creates no property whatsoever in him. The principal may reclaim it whenever he pleases, as long as it remains in the agent's possession. If the principal ever parts with his property in the bill and it is again restored to him in the course of business, there does not seem any sound reason to say that he ought not to be re-instated in his original rights.— Dugan v. U. S., 3 Wheat. 172. In this case, the last endorser, J. J. Poindexter, elected to treat the bill as the property of his principal by returning it to him after it was protested, and this may be infered from the plaintiff's possession of the bill. We think there is no error in the record.

The judgment is affirmed.

Chilton, J., not sitting.