# SHULMAN, GOETTER & WEIL *vs.* BRANTLY & COPELAND.

[MOTION TO AFFIRM JUDGMENT ON CERTIFICATE.]

1. *Appeal to supreme court; law determines to what term is taken.*—The law determines to what term of the supreme court an appeal is to be returned, and not the certificate of the clerk.

2. *Same; to what term appeals must be made returnable.*—The appeal is to be made returnable to the *next* term of the supreme court after it is taken ; and such should be the citation in error served upon the opposite party. Rev. Code, § 3488, 3492.

3. *Appeal, clerk's certificate of; what should show.*—The clerk's certificate of appeal should show that an *appeal has been taken,* and *when* it was taken ; if it goes beyond this, it is surplusage.—Rev. Code, § 3485, 3509 ; Sup. Court Rules, No. 22.

4. *Judgment; when not affirmed on certificate.*—The judgment of the court below will not be affirmed on certificate, when it appears that the date of taking the appeal, as shown by the certificate, is subsequent to the term of court at which the motion of affirmance is made.

5. *Same; practice as to.*—In such case, the cause will be permitted to be docketed, but it will not stand for trial until the next succeeding term of the court.—Rev. Code, § 3498.

6. *Cases modified and limited.*— *Cowles v. Frear,* 43 Ala. 642 ; and *Willingham v. Harrell,* 34 Ala. 680 ; modified and explained.

This was a motion to affirm a judgment on certificate, &c.

JOHN D. GARDNER, for motion.

PARKS & HUBBARD, *contra.*

PETERS, J.—This is a motion to affirm the judgment of the court below, on the certificate of appeal. The certificate shows that the appeal was taken on the *eighth* day of June, 1872. This was after the commencement of the present term of this court, yet the certificate of the clerk certifies that the appeal was taken " to the present term of the supreme court of Alabama, now in session at Montgomery." A more careful examination of the statute upon

the subject of appeals satisfies my mind that the clerk has no authority to make any such declaration in his certificate. It is, therefore, mere surplusage.—3 Pet. 12, 29; 4 How. 522; 13 Pick. 172. Generally, in civil proceedings, matter of surplusage will not be permitted to work injury to the parties to the suit on either side.—2 Johns. Cas. 52; Coke Litt. 3030; 13 Johns. 80; 1 Pet. 18; 1 Ala. 326. Then, this allegation does not affect the rights of the parties to this suit in any way, and the certificate may be considered as if it had been stricken out. The statute requires, on taking the appeal, that the clerk "must certify the fact that such appeal was taken, and the time when, as a part of the record, which gives the supreme court jurisdiction of the case."—Rev. Code, § 3485. A subsequent section of the statute shows that such an appeal, by operation of law, and not by the clerk's certificate, is made returnable "to the next term of the supreme court," after the date of taking the appeal. This is to be inferred from the character of the notice of the appeal, required to be issued and served on the opposite party. The direction of the Code is as follows, to-wit: "The register, clerk of the circuit court, and judge of probate, must, on the application of either of the parties, their agent or attorney, after final judgment or decree in any cause, upon an appeal being taken, issue a citation, returnable to the next term of the supreme court, to the opposite party, which must be served by the sheriff on him or his attorney, ten days before the term of the court to which the appeal is taken." Rev. Code, § 3488. The same phraseology is used in reference to the term of the court, in a subsequent section of the Code, in reference to making out the transcript of the record in case of appeals. By this, the clerk is required to "make and deliver" to the appellant, "in time to be returned to the *next term* of the supreme court, a full and complete transcript of the record and proceedings in the cause, together with his certificate that the appeal was taken, and the time when, and the citation and a copy of the appeal bond, if any was given, with his certificate, that

it is a complete transcript of all the proceedings in the cause."—Rev. Code, § 3492. This language would be without meaning, unless the law makes the appeal returnable to the next term of the supreme court after it is taken. If this is so, then the clerk's certificate can not alter it. This is doubtless the correct construction of the statute, notwithstanding what is said in the case of *Cowles v. Frear,* (43 Ala. 642,) and *Willingham v. Harrell,* (34 Ala. 680.) To this extent these cases are to be considered as modified. The certificate upon which the affirmance is asked in this case, at this term of this court, is insufficient. The cause is not properly in this court for adjudication at the present term ; and no judgment of affirmance can be now rendered. But the transcript of the record may be filed, and the cause will stand for trial at the next term of this court. Rev. Code, § 3498; Sup. Court Rules, Nos. 22, 24, 25, 26.

The motion for affirmance of the judgment of the court below is denied, with costs.