Parker, Administrator, *v.* The Pennsylvania Company.

Filed June 6, 1893.

———◆———

No. 16,256.

PARKER, ADMINISTRATOR, *v.* THE PENNSYLVANIA COMPANY.

RAILROAD.—*Causing Death of Trespasser.*—*Negligence.*—*When Company is not Liable.*—*Contributory Negligence.*—*Sufficiency of Complaint.*— In an action against a railroad company for negligently causing the death of plaintiff's decedent, the complaint was insufficient which

134  673
136  258

134  673
139  643

134  673
142  269
143  27

134  673
146  436
146  562

134  673
149  500
151  362

134  673
153  165

134  673
154  100

134  673
158  70
158  277

134  673
160  273

Parker, Administrator, *v.* The Pennsylvania Company.

showed that the decedent, at the time of his death, was a trespasser on defendant's track, and that defendant was not aware of plaintiff's presence on the track until after he had been killed.   The fact that the decedent was a trespasser made him guilty of contributory negligence.

SAME.—*Trespasser.*—*Duty to.*—A railroad company owes a trespasser no protection against negligence, and only owes him reasonable care to avoid injuring him when his presence and his own inability to avoid injury are known to it, but does not owe such duty when his presence is not known.

DAMAGES.—*Willful Act Without Knowledge of Object Injured.*—*Liability for.*—A person may be held liable for the consequences of a willful act without an actual knowledge of the presence of the object acted upon, but this liability never exists where the act or omission is one from which the injury could not reasonably have been anticipated as the natural and probable consequence of such act or omission.

NEGLIGENCE.—*Distinction Between Negligence and Willfulness.*—*Injury.* —Negligence and willfulness are incompatible terms.   Negligence arises from inattention, thoughtlessness, or heedlessness; while willfulness can not exist without purpose or design, and negligence can never be of such a degree as to become willfulness. .

From the Bartholomew Circuit Court.

*J. F. Cox* and *W. L. Cox*, for appellant.

*S. Stansifer*, for appellee.

HACKNEY, J.—The appellant sued the appellee for damages in causing the death of William A. Parker.

The complaint was in four paragraphs, to all of which the circuit court sustained a demurrer, and this ruling is here presented for review.   The theory of the first and third paragraphs is that the death was *negligently* produced, while the second and fourth paragraphs proceed upon the theory of *willfulness* in the acts complained of. The controlling facts alleged in any one of the paragraphs are that, in the city of Columbus, the appellee maintains a railway switch, running east and west, and crossing the company's main line south of, and near to, the station building and platform; that opposite to the station is located the Cerealine Mills, on the west side of said

main track; that in said mill is an archway, 250 feet long, and into which said switch was extended and maintained for the purpose of placing cars within said archway for loading from said mill of the product thereof; that the archway was so narrow that a box car almost filled it from wall to wall; that on the north side of said archway was a walk or footway, four feet and two inches wide, used by persons passing through the building; that in the immediate vicinity of said crossing were usually large numbers of people; that said William A. Parker was unacquainted with said building and its surroundings, when he walked into said archway, upon said footway, to a point near the center of the building, and was killed.

It is alleged that the appellee then knew that persons were in the habit of passing through said archway, and that to run a car through said archway at great speed would endanger the lives of those who might be therein; that there was then an ordinance of said city limiting the speed of cars to four miles per hour and requiring that some person should be caused to proceed in advance of any car moved backwards within said city, for the purpose of keeping the track clear of pedestrians; that in disregard of the requirements of said ordinance, and of the situation with its dangers, as described, the appellee's servants caused an engine to push a box car over said switch and into said archway at the speed of twelve miles per hour, unaccompanied by any person and without the knowledge of, or warning to, said decedent; that said car, so running, ran upon and killed the decedent, there then being no means of escape for him.

The first and third paragraphs allege that the decedent was free from negligence, and the second and fourth paragraphs omit allegations of the absence of contributory negligence and allege that the acts complained of

were done willfully. There is also an effort to distinguish the charge of negligence from that of willfulness by alleging that there was a curve in the switch which prevented the decedent from seeing the approaching car, and that from the appearance of the archway he believed in good faith that he could pass through in safety.

It is conceded by appellant's learned counsel that the specific facts alleged control in the construction of the complaint, and that the detached phrases, epithets, and conclusions can not prevail against the facts so alleged. It is further conceded that the failure to observe the ordinance does not constitute willfulness, and it is so held in *Sherfey, Admr.*, v. *Evansville, etc., R. R. Co.*, 121 Ind. 427. And it is conceded that the presence of contributory negligence on the part of the decedent would defeat a recovery, on the ground of negligence, and that if he was a trespasser such contributory negligence existed.

Considering the right of recovery as for negligence, we find the complaint insufficient, in that it not only fails to allege a license to the decedent to use the archway, but it appears clearly from the facts alleged, that said archway was a place of great danger for one to go into. It was narrow, not of sufficient width to admit a box car and furnish room for retreating; through it ran a railway switch, and said switch so curved as to prevent a view of a car approaching the archway; the decedent was a stranger as to the conditions then existing in and about said archway, including its uses by the appellee. It is not alleged that it was a public thoroughfare, and the facts alleged would seem to imply that it was not. In venturing into the archway he was confronted with all of the elements of danger that the situation afforded; he was in duty bound to observe the dangers thus surrounding him.

While we find it unnecessary to say that the facts show a rash assumption of the dangers incident to the situation, we do feel that it is beyond serious doubt that he was a trespasser upon the appellee's track when he lost his life.

"It is not enough that persons do occasionally use the track, for, to constitute a license, it must appear, either expressly or by clear implication, that the owner of the track authorized them to use it." *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250.

Here it does not appear that the decedent knew of the use by others of the archway in passing through; on the contrary, it is a necessary inference from the allegation that he was unacquainted with the building and its surroundings; that he did not rely on the use of it by others as a license to use it himself.

With this conclusion, the first and third paragraphs were insufficient, and the demurrer was correctly sustained to them. Some of the cases supporting this conclusion are the *Chicago, etc., R. R. Co.* v. *Hedges, Admx.*, 105 Ind. 398; *Louisville, etc., R. W. Co.* v. *Schmidt, by Next Friend*, 106 Ind. 73; *Louisville, etc., R. W. Co.* v. *Bryan*, 107 Ind. 51; *Belt R. R. and Stock Yard Co.* v. *Mann*, 107 Ind. 89; *Louisville, etc., R. W. Co.* v. *Ader*, 110 Ind. 376; *Palmer* v. *Pittsburgh, etc., R. W. Co., supra.*

Considering the right of recovery as for willfully causing the death of the plaintiff's decedent, it is proper to observe the absence of an allegation that appellee's operatives knew of the presence of Parker. That one may be held liable for the consequences of a willful act without an actual knowledge of the presence of the object acted upon is urged, and may be conceded; but this liability is never held where the act or the omission is one from which the injury could not reasonably have been

anticipated as the natural and probable consequence of such act or omission. *Louisville, etc., R. W. Co.* v. *Bryan, supra.* In this case the rule was correctly stated by the late Judge MITCHELL as follows: "Where one person negligently comes into a situation of peril, before another can be held liable for an injury to him, it must appear that the latter had knowledge of his situation in time to have prevented the injury. Or it must appear that the injurious act or omission was by design, and was such—considering time and place—as that its nature and probable consequence would be to produce serious hurt to some one. To constitute a willful injury, the act which produced it must have been intentional, or must have been done under such circumstances as evinced a reckless disregard for the safety of others, and a willingness to inflict the injury complained of. It involves conduct which is *quasi criminal. Louisville, etc., Canal Co.* v. *Murphy,* 9 Bush, 522; *Louisville, etc., R. R. Co.* v. *Filbern,* 6 Bush, 574; *Peoria Bridge Ass'n* v. *Loomis,* 20 Ill. 235."

While it is admitted that the act complained of is negligence, it is earnestly and ably contended that under the circumstances, considering the time, the place, and the habit of persons to pass through the archway, the act evinced a reckless disregard for the safety of others. It is not alleged that the appellee did not possess the right to use the switch at the time and place and under the circumstances then existing. The exact point at issue is in the excessive speed of the car through the archway, a place of danger, without affirmative action for the protection of a possible trespasser. While conceding expressly that the same act upon an open switch would have been but negligence, it is argued that the archway gave to one therein no means of escape, and that a dif-

ferent rule should obtain, a rule whereby such negligence becomes an aggressive wrong.

In the decision from which we have quoted, the place of injury was a street crossing in a populous city, a place where the injured party was not a trespasser, but had a perfect right to go, and where the company was required to anticipate his presence. The crossing was alleged to be "extra dangerous by the track being hidden from view for some distance by intervening buildings." It was there held that the facts were "in nowise different from those involved in the ordinary case, where a locomotive is run over a highway at a high rate of speed without giving the statutory signals. These are merely acts of non-feasance, not of aggressive wrong. The consequences of undenied contributory negligence can not be avoided in such a case by the fact that the track was 'hidden from view for some distance by intervening buildings.'"

Willfulness does not consist in negligence. On the contrary, as illustrated by the cases of Bryan and of Mann, heretofore cited, the two terms are incompatible. Negligence arises from inattention, thoughtlessness, or heedlessness, while willfulness can not exist without purpose or design. No purpose or design can be said to exist where the injurious act results from negligence, and negligence can not be of such a degree as to become willfulness. Indeed, this court has so often denied the claim which attempts to distinguish between degrees of negligence, that authority or further statement in denial should not be deemed necessary.

The railroad company owes to the trespasser no protection against negligence. It does owe him the duty of all reasonable effort to avoid injuring him when his presence and his own inability to avoid injury are known

to it, but does it owe such duty when his presence is not known?

It would seem that a negative answer is all that the inquiry is susceptible of. The circumstances should be such as to charge the operatives with knowledge, actual or imputed, of the presence of the trespasser, and of his inability to avoid injury, before any duty of the company arises to require of it affirmative acts or effort to avoid injuring him. By imputed knowledge in such case, we mean such as should be implied from the conduct of the party or others within the actual sight or hearing of such operatives. It is upon such knowledge that wantonness is held the equivalent of willfulness. To require more would be to deny to railroad companies the free use of their lines, and would require of them superhuman vigilance against inflicting injury upon the trespassing tramp who lurks about the yards to steal a ride, or loiterers in some dark tunnel, or upon a respected citizen whose curiosity may lead him in such an archway as that of the Cerealine Mill. To require the companies to presume the presence of trespassers in places of danger, and to use all possible care to avoid injuring them, would destroy the line dividing negligence from willfulness in such cases, or would give no discouragement to trespassers, and would place in the same right the trespasser and those using the railway by a license or by public authority.

We have no doubt that the facts, as pleaded in the second and fourth paragraphs of complaint, state but causes for negligence, which causes are insufficient, for the reasons and upon the authorities upon which we hold the first and third paragraphs insufficient.

The judgment of the circuit court is affirmed.

Filed June 6, 1893.