Filed October 11, 1895.

No. 17,206.

EVANS v. THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

RAILROAD.—*Complaint.*—*Insufficient Allegation.*—*Personal Injury.*—
A complaint alleging that a brakeman saw plaintiff in a perilous position in front of a moving train, and immediately " signalled the engineer to stop the train, and took off his hat and swung it and hallooed at him," is insufficient to show that the engineer knew that any one was in danger.

SAME.—*Personal Injury.*—*Liability.*—*Placing Foot on Rail in Front of Wheel.*—A railroad company is not liable for an injury to one

who negligently places his foot on a railroad track a short distance from a train, unless its employes who properly started such cars, in the exercise of their duty, knew of his danger and could have stopped the train in time to avoid the injury.

From the Henry Circuit Court.

*J. M. Morris, J. Brown* and *W. Brown*, for appellant.

*L. P. Newby* and *J. L. Rupe*, for appellee.

HOWARD, C. J.—A demurrer for want of facts was sustained to appellant's complaint.

The pertinent allegations of the complaint are, "That the defendant, by its servants and employes, ran a locomotive and train of freight cars into the town of Ashland, and there stopped and disconnected the locomotive from the train of cars standing upon its railroad track opposite the platform of its depot, and ran said locomotive on ahead, a distance of twenty rods, for the purpose, as the plaintiff supposed, of passing a switch and backing the said locomotive from thence on to a side track for the purpose of gathering some cars and connecting them with its train by bringing them on to the main track and backing them to the said train of cars so left standing upon said main track; that the caboose of said train of cars was the last car in the rear of said train, and that there was in front of said caboose, and connected therewith, what is known as a " scale tester," which was a small heavy iron structure placed upon four wheels, no wider than the track of the railroad, with a round iron covering over the top, which said scale tester was made and used for the purpose of running onto scale platforms, and testing the accuracy of the scales; that whilst said defendant's cars were so standing upon said track, the plaintiff had occasion to pass by the caboose, and being attracted by the·sight of the scale

tester, walked up and placed one hand upon the end of
the caboose, and placed his left foot upon the rail in
front of the caboose, and in the rear of the scale tester,
and stooped over to see under and look at the scale tester,
and whilst in this condition the servants and employes
of said railroad company, without having run off onto
the switch, as they intended to do, carelessly and negli-
gently, and without any warning or signal, ran said
locomotive back against the train of cars, so standing
upon said track, and butted and pushed them back a
distance of one hundred feet; that the plaintiff had on
his left foot a heavy boot with a thick sole, and that the
wheel of the scale tester ran against his foot, and caught
him fast and threw him down, or nearly so, and he
caught with his hands, held to some attachment to the
caboose car, and held his body up off the railroad track,
and that the wheel of the scale tester, when it struck
his foot, slid upon the iron rail, holding his foot fast to
said rail, and slid him in that condition fifty or sixty
feet, said train going slowly all of said time; that
whilst he was in this condition, some of the bystanders
came to his rescue and aided him in holding his body off
said railroad track; that whilst he was in this condi-
tion, he hallooed and made such efforts as he could to
cause the employes of said defendant to stop the con-
tinuous backing of said train of cars; that a brake-
man belonging to the crew of defendant's servants, so
managing said train, saw the plaintiff in said perilous
position, and immediately signaled the engineer to stop
the train, and took off his hat and swung it, and hallooed
at him and notified him of the great necessity of at once
stopping said train, and of the impending danger to the
plaintiff, and of continuing to back said train, but the
engineer, conductor and other servants having charge
and control of said train of cars, and with knowledge of

the perilous position of the plaintiff, disregarding said warnings, hallooing and violent motions, carelessly and recklessly continued to back said train of cars, by pushing the same with said locomotive, insomuch that the wheels of said scale tester, by its continuous pushing and sliding the plaintiff's foot upon the iron rail, crushed and ground the same, and crushed and ground the bones of his foot into a shapeless mass, and thereby rendered the plaintiff a cripple for life; * * * that after the engineer who was backing said locomotive against said train of cars had notice of the perilous position of the plaintiff, if he had heeded the warnings thereof, could have stopped said train of cars within four feet from where plaintiff's foot was caught, and before his foot had received any serious injury."

It is admitted that the facts alleged show contributory negligence on the part of appellant in placing his foot upon the rail, and near the wheel of the scale tester. It is also admitted that he was a trespasser.

It remains, therefore, to determine whether the appellee wantonly and wilfully caused the injury complained of. The question is not free from difficulty. There are general statements made in the complaint from which such wanton and wilful conduct might be inferred. We must, however, look to the particular facts and circumstances alleged, rather than to the conclusions drawn therefrom by the pleader.

If appellee's employes in charge of the train knew of appellant's peril, and could have stopped the cars before they crushed his foot, the appellee must be held liable. If they did not know of such peril, or, knowing it, could not stop the train in time to avoid the result, the appellee should not be charged with the injury.

Certainly the employes were not to blame when they "ran said locomotive back against the train of cars, so

standing upon said track, and butted and pushed them back a distance of one hundred feet." It was the business in which the employes were then engaged, and which it was their duty to perform.

It was not until after the locomotive had been thus butted against the cars, that those in control of the train were signaled to stop it.   This signaling was done by a brakeman who "saw the plaintiff in said perilous position, and immediately signaled the engineer to stop the train, and took off his hat and swung it, and hallooed at him." This, we think, comes far from showing that the engineer knew that any one was in peril. The fact that the brakeman swung his hat and hallooed at the engineer, rather indicates that the brakeman could not, and therefore did not, give the engineer any definite information of what the trouble was, or why the train should be stopped.   The allegations as to these "warnings, hallooings, and violent motions," at least fail to show that the engineer, with knowledge of what he was doing, was wantonly and wilfully engaged in endangering the life or limb of the appellant.

But is there anything alleged to show that the engineer could have stopped the train in time to have saved appellant from injury? The engineer, as we have seen, was not to blame for bumping the locomotive against the cars.   But this bumping pushed the cars back a hundred feet.   The wheel of the scale tester, however, as we learn from the complaint, when it struck the foot of appellant, "slid upon the iron rail, holding his foot fast to said rail, and slid him in that condition fifty or sixty feet."   It was this "pushing and sliding the plaintiff's foot upon the iron rail" which crushed the foot, as is further stated in the complaint.

If then the butting of the locomotive upon the cars sent the latter back a hundred feet, and if appellant's

foot was caught and slid back on the rail but fifty or sixty feet, how are we to conclude that the train could have been stopped "within four feet from where the plaintiff's foot was caught," and in time to save appellant's foot?

We think that the allegations in the complaint fail to show that the engineer in charge of the train had knowledge of appellant's peril; and we are of opinion, moreover, that the allegations do show that, even if he had such knowledge, he could not have stopped the train in time to avoid the injury.   See *Parker, Admr.*, v. *Pennsylvania Co.*, 134 Ind. 673 (23 L. R. A. 552).

No willful or wanton wrong to appellant is, therefore, shown, and there being no question of negligence, the judgment is affirmed.

Filed October 15, 1895.