# Miller-Brent Lumber Company v. Lunday.

## *Trespass.*

(Decided February 17, 1912.   57 South. 722.)

*Trespass; Personal Property; Complaint.*—A complaint which alleged that plaintiff claimed of defendant a specific sum as damages for wrongfully taking the following goods and chattels, the property of plaintiff, to-wit, 3,000 pine rails and 3,000 pine boards, stated a cause of action for trespass to personal property, and is not demurrable for failing to allege the time of the trespass.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

Action by Henry Lunday against the Miller-Brent Lumber Company and others for trespass to land and personal property. From a judgment for plaintiff, defendants appeal. Affirmed.

The first, second, and fourth counts are in trespass to realty. The third count is as follows: "The plaintiff aforesaid claims of the defendant aforesaid the other and further sum of $1,000 damages for wrongfully taking the following goods and chattels, the property of the plaintiff, to wit, 3,000 pine rails and 3,000 pine boards."

COLEMAN, DENT & WEIL, and HENRY OPP, for appellant. The demurrer to the 3rd count should have been sustained.—*Snedecor v. Pope,* 143 Ala. 275; *Glenn v. Garrison,* 17 N. J. L. 1; *Kendall v. Bay State B. Co.,* 125 Mass. 532; 38 Cyc. 1082; 2 1Enc. P. & P. 811.

REID & PRESTWOOD, for appellee. The complaint as to the 3rd count was for trespass to personal property, and follows the exact language of form 23, p .1199, Code

1907, and was, therefore, sufficient. The case of *Snede-cor v. Pope,* 143 Ala. 275, and the other authorities cited by appellant are cases in trespass to realty, and have no application to the case at bar.

SIMPSON, J.—The only assignment of error insisted on in this case is that the court erred in overruling the demurrer to count 3 of the complaint, and the only insistence is that said count was subject to the demurrer, in that it failed to allege the time when said trespass was committed, citing, in support of said contention.—*Snedecor v. Pope,* 143 Ala. 275, 286, 39 South. 318. That was a case of trespass to realty, and the form of complaint on page 1199 of volume 2 of the Code of 1907 (form 26) so requires. But, in the case of trespass for taking personal property, no such requirement is made; and the said count 3 is in exact conformity to form 23, on the same page of the Code.

Said count 3 is for "wrongfully taking the following goods and chattels, the property of the plaintiff, viz., 3,000 pine rails and 3,000 pine boards." The count shows on its face that it is not for trespass to realty, but for taking personal property.—*Thornton v. Cochran,* 51 Ala. 415.

There was no error in the ruling of the court, and the judgment of the court is affirmed.

Affirmed. All the Justices concur.