(96 South. 133)

## BEVILL v. HENEGAR–DOOLEY SHOE CO.
### (6 Div. 879.)

(Supreme Court of Alabama. April 19, 1923.)

1. **Sales** ⊕⇒126(2)—**Buyer neglecting beyond reasonable time after delivery to inspect goods to ascertain quality loses right to rescind.**

Buyer of shoes was obligated to inspect as to quality within a reasonable time after delivery, and, where he neglected to do so beyond a reasonable time after delivery, his right to rescind was lost.

2. **Sales** ⊕⇒126(4)—**Reasonable time for buyer's inspection of shoes question of law on undisputed facts.**

Where the facts bearing on the matter are undisputed and adverse inferences are not fairly deducible therefrom, an inquiry as to what was a reasonable time after delivery for inspection of shoes is a question of law for the court.

3. **Sales** ⊕⇒126(2)—**Buyer's rescission held not within reasonable time.**

Where shoes of a certain quality were delivered in June, a rescission, because of breach of warranty, on December 11th following, was not within a reasonable time after buyer should have discovered their asserted inferiority to sample.

4. **Appeal and error** ⊕⇒1051(3)—**Admission of account in evidence without prejudice to defendant.**

In action for the price of shoes sold, any error in admitting an itemized account was without prejudice to defendant in view of his evidence confirming correctness of the charges and balance claimed.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by the Henegar-Dooley Shoe Company against Herman Bevill. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Pleas 1, B, and C are as follows:

"1. He does not owe the plaintiff anything. Said indebtedness sued on has been paid."

"B. For further answer to same, defendant says that up to about December 11, 1920, defendant paid all he owed the plaintiff except the sum of $292.70, and that on said date he returned to plaintiff shoes of the value of $273.35 with which defendant had been charged on the account sued on and which amount of shoes defendant did not buy from plaintiff, and the return of said goods reduced the amount due by defendant to the sum of $19.35; and that defendant sent plaintiff a check for the sum of $19.35, thereby paying the plaintiff all due on said account. And defendant says this was done prior to the commencement of this suit.

"C. For further answer the defendant says that at the time, to wit, about June 3, 1920, and about June 7, 1920, defendant purchased from plaintiff's agent 18 pairs of women's brown Cab. Pols. stock No. 7974 at $8.85 per pair, and 18 pairs of women's tan Cf. Bals. stock No. 7975 at $7.75 per pair, and that these shoes were bought in June or July, 1920, for fall delivery, and that they were bought by sample and that plaintiff's agent from whom defendant bought said shoes stated and warranted that the shoes to be shipped should be duplicates of the sample or samples from which the shoes were bought and which samples were exhibited to defendant by plaintiff's agent. And defendant alleges that the shoes shipped on said order were not duplicates of said samples, but were all inferior in quality to said samples and were a grade of shoes that defendant could not use in his business the shoes so shipped, and that defendant returned said shoes within a reasonable time after he discovered they were not duplicates of the samples and were of inferior quality; he returned to plaintiff 33 pairs of said shoes, for which plaintiff has charged defendant the sum of $273.35; and that he did send plaintiff a check for $19.35, which amount paid the balance due on said account; and that he did this before the commencement of this suit."

Ray & Cooner, of Jasper, for appellant.

It was error to admit the account improperly verified. Chandler v. Hanna, 73 Ala. 390; Goree v. Wadsworth, 91 Ala. 418, 8 South. 712; Ala. Nat. Bank v. Chattanooga Co., 106 Ala. 665, 18 South. 74; Dawsey v. Kirven, 203 Ala. 446, 83 South. 338, 7 A. L. R. 1658; Code 1907, § 3695. The affirmative charge should not be given for plaintiff, when there is any evidence against his right of recovery. Amerson v. Coronoa C. & I. Co., 194 Ala. 175, 69 South. 601; L. & N. R. Co. v. Jenkins, 196 Ala. 136, 72 South. 68; McMillan v. Aiken, 205 Ala. 35, 88 South. 135; Crim v. L. & N. R. Co., 206 Ala. 110, 89 South. 376.

McGregor & McGregor, of Jasper, for appellee.

The undisputed evidence showed defendant did not return the goods in a reasonable time, and the plaintiff was due the affirmative charge. 33 Cyc. 1567; 35 Cyc. 227; Hudson v. Germain Fruit Co., 95 Ala. 621, 10 South. 920; Erswell v. Ford, 205 Ala. 496, 88 South. 429; Alford v. Creagh, 7 Ala. App. 305, 62 South. 254; Cotton v. Cotton, 75 Ala. 345.

McCLELLAN, J. This action of assumpsit, instituted by appellee, a wholesale merchant, against appellant, a retail merchant, was to recover for shoes sold, by sample, to defendant by plaintiff. The defendant set up payment of all he was due plaintiff; and also, through special plea C, that certain types of the shoes, the purchase price of which constituted the balance on the account, did not conform to the sample, and, because of breach of warranty of quality, were returned to plaintiff by defendant within a

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

reasonable time after defendant discovered, that the shoes shipped were inferior in quality to the sample; and, eliminating from the account the purchase price of these returned shoes, the check sent discharged plaintiff's demand before this suit was commenced. Plaintiff's demurrer to plea C was overruled. Joining issue on the averments of plea C, plaintiff replied through special replications 2 and 3, to which defendant's demurrers were overruled. The major theory of these special replications to plea C, disclosed by recital of the facts, was that defendant received the shoes in question, delivered on order given plaintiff's salesman, and kept them without any complaint, until more than 60 days after the purchase price therefor was demandable on October 1, 1920, viz. December 11, 1920, which was many months after their delivery to defendant about June, 1920. The matter of avoidance set up in the special replications was well interposed to the defense asserted in plea C. This plea (C) is of the category of pleas setting up rescission of a contract of sale of goods by sample because of breach of warranty.

[1-3] Whether plea C was sufficient against apt demurrer is not presented for review. Having purchased shoes of a certain quality, and having received the shoes in question, the defendant could not successfully effect the rescission asserted unless he moved to rescind within a reasonable time. It was his duty to examine or inspect the goods, to ascertain their quality, within a reasonable time after the delivery of the goods to him; and, if he forbore or neglected an inspection or examination of the goods—to the end of ascertaining their quality—beyond a reasonable time after their delivery, his right to rescind was lost. Magee v. Billingsley, 3 Ala. 679 (headnote 4); Mechem on Sales, §§ 1211, 1212; Pope v. Allis, 115 U. S. 363, 372, 6 Sup. Ct. 69, 29 L. Ed. 393. Where the facts are undisputed and adverse inferences are not fairly deducible from the undisputed facts, the inquiry of reasonable time vel non is a question of law for the court. Continental Jewelry Co. v. Pugh, 168 Ala. 295, 53 South. 324, Ann. Cas. 1912A, 657; Burton v. Steverson, 206 Ala. 508, 510, 91 South. 74. It is manifest, we think, that on the facts averred in the replications the defendant did not inspect or examine the goods within a reasonable time after their delivery to him and did not move to rescind within a reasonable time after he should have discovered their asserted inferiority to the sample.

The evidence invited the application of the stated principle, and justified the general affirmative charge for the plaintiff upon the theory that defendant lost, by delay, any right to rescind he may have had if seasonably exercised.

This conclusion requires an affirmance un-less prejudicial error otherwise affects the judgment. Plaintiff's demurrer was sustained to plea B, the material matter thereof being admissible under plea 1.

[4] The fourth count referred, in the usual way, to a verified, itemized account as the basis of the action, filed therewith. Over defendant's objection that the affidavit to the account was defective if not entirely abortive, the court admitted the account in evidence. Whether erroneous or not, the admission of the account was without prejudice to defendant; he having testified in confirmation of the correctness of the charges and of the resultant balance claimed, and really contesting the issue of liability upon the sole ground asserted in plea C. Furthermore, other evidence established, without dispute, the amount of the balance claimed; unless, of course, the asserted act of rescission had affected the reduction of the amount of the balance to the extent of the agreed purchase price of the shoes in question.

The other subjects of assignments of error bore no such relation to the basis upon which the court's instruction of the jury was justified as to affect, in any way, the propriety of that action. Bienville Water Co. v. Mobile, 125 Ala. 178, 184, 27 South. 781; Ala. Red Cedar Co. v. Tenn. Valley Bank, 200 Ala. 622, 623, 76 South. 980; Adams v. Corona Coal Co., 183 Ala. 127, 131, 62 South. 536.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.