41 So.2d 579

**SIMMONS v. COCHRAN et al.**

**7 Div. 993.**

Supreme Court of Alabama.

June 23, 1949.

T. Eric Embry, of Birmingham, for appellees.

Robinson & Parris, of Gadsden, for appellant.

LAWSON, Justice.

Action by Mary Cochran and others against W. P. Simmons for trespass to.

realty, trespass to personalty, and for the statutory penalty for cutting trees.

There are fifteen assignments of error. Appellees strenuously insist that appellant's brief should be stricken and the judgment of the trial court affirmed because of the failure of the appellant to file in this court a brief in compliance with Supreme Court Rules 10 and 12, Code 1940, Tit. 7, Appendix, which prescribe the form and manner of the preparation of briefs by appellants. It is true that the brief filed on behalf of appellant does not strictly conform to the aforementioned rules, yet we do not think that it should be stricken. Counsel representing appellants should make every effort to comply with Rules 10 and 12, for a brief prepared in substantial adherence thereto is of considerable assistance to the appellate courts. We might add that we note a growing tendency on the part of many attorneys to file briefs which do not serve the purposes for which the rules were adopted. But those rules are directory, and this court has exercised its discretion in the consideration of briefs which, although not drafted in accordance with the requirements of the rules, fairly and helpfully make the points upon which appellant relies. Bell v. Fulgham, 202 Ala. 217, 80 So. 39; Brothers v. Brothers, 208 Ala. 258, 94 So. 175; Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230. Under the practice thus established, the brief for appellant has been considered. But appellant's brief deals only with the actions of the trial court made the basis of assignments of error 2, 3, 4, and 10. Hence, the other assignments of error must be treated as waived. McDavid v. United Mercantile Agencies, 248 Ala. 297, 27 So. 2d 499, and cases there cited.

Assignments of error 2 and 3 complain of the trial court's action in overruling objections of the defendant to questions which evidently had the purpose of showing that the parties who cut the timber did so as agents of the defendant. Even if it be conceded that there was error in such rulings, which we do not decide, such error was without injury to the appellant, defendant below. Such relationship was definitely established by testimony of defendant's own witnesses. Any error in the admission of testimony as to a fact which is shown by the undisputed evidence is error without injury. Southern R. Co. v. Hall, 209 Ala. 237, 96 So. 73; Bevill v. Henegar-Dooley Shoe Co., 209 Ala. 262, 96 So. 133; Cosby-Hodges Milling Co. v. Nance, 33 Ala.App. 48, 29 So.2d 575.

The trial court did not err in permitting plaintiff's witness Albert Looney to testify, in effect, that in his judgment three twelve-foot "logs" could be cut from each of the trees felled. This was but an expression of an opinion by this witness as to the height of the trees, based on his personal observation. Bass Furnace Co. v. Glasscock, 82 Ala. 452, 2 So. 315, 60 Am.Rep. 748; Bufford v. Little, 159 Ala. 300, 48 So. 697. This disposes of assignment of error number 4.

Assignment or error 10 is that the trial court erred in giving at the request of the plaintiff the following written charge: "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that plaintiffs are entitled to recover under Count 3 of the complaint you are authorized to allow plaintiff the reasonable market value of the finished products from such timber."

In Count 3 the plaintiffs charged defendant with trespass de bonis asportatis, often referred to in our decisions as trespass to goods or trespass to personalty. Form 25, § 223, Title 7, Code 1940; Gilliland & Son v. Martin, 149 Ala. 672, 42 So. 7; Miller-Brent Lumber Co. v. Lunday, 175 Ala. 160, 57 So. 722; Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 113 So. 35.

The measure of damages in such an action, where the taking is unlawful, without more, is generally the value of the goods or the amount of injury done to them, as the case may be, with interest to the date of judgment. Burns v. Campbell, 71 Ala. 271; Friedenthal v. Goodloe, 202 Ala. 611, 81 So. 553; Anderson v. Tadlock, 27 Ala.App. 513, 175 So. 412.

It seems to be settled that in actions of trover where the severance of the timber was willful and the jury may award the

owner damages on the basis of the value of the finished lumber manufactured from the logs converted. But such a measure of damages is authorized in such actions only where the severance was willful. White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L.R.A 199, 54 Am.St.Rep. 159; Birmingham Mineral R. Co. v Tennessee Coal, Iron & R. Co., 127 Ala. 137, 147, 28 So. 679; Ivy Coal & Coke Co. v. Alabama Coal & Coke Co., 135 Ala. 579, 33 So. 547, 93 Am. St. Rep. 46; Zimmerman Mfg. Co. v. Dunn, 151 Ala. 435, 44 So. 533; Gowan v. Wisconsin-Alabama Lumber Co., 215 Ala. 231, 110 So. 31; Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 113 So. 35.

■ As before indicated, Count 3 was not in trover but even so it would have been error to give plaintiffs' written charge 3 for the reason that it did not limit the right of plaintiff to recover the value of the "finished products" upon a finding by the jury that the severance of the timber was willful.

■ In the case of Gray v. Alabama Fuel & Iron Co., supra, the several counts of the complaint charged trespass de bonis and trover for the taking or conversion of trees, etc. The same measure of damages seems to have been applied to both forms of action. As to what constitutes a willful severance of timber so as to authorize the owner to recover the value of the finished products, it was said:

"A 'willful' severance of timber, in this connection, means not merely an intentional severance, but such a severance with knowledge that the timber is the property of another, whose rights therein are being thereby violated. Such a state of mind imports the absence of an honest belief that the land belongs to the actor, or to a third party who has consented to the severance, and is the antithesis of inadvertence or mistake. Glenn v. Adams, 129 Ala. 189, 29 So. 836; Postal Telegraph Cable Co. v. Lenoir, 107 Ala. 640, 18 So. 266. As said in Birmingham Railway & Electric Co. v. Bowers, 110 Ala. 328, 20 So. 345, 'to constitute a willful injury, there must be design, purpose, intent to do wrong and inflict the injury.' Willfulness therefore excludes the idea of negligence, as negligence excludes the idea of willfulness. Parker v. Pennsylvania Co., 134 Ind. 673, 679, 34 N.E. 504, 506, 23 L.R.A. 552. It here imports much more than a mere knowledge of facts which if investigated with due diligence, would have led to knowledge of the title and rights of the plaintiff, and the injury he was doing to those rights." 216 Ala. 420, 113 So. 39.

So assuming that in an action of trespass de bonis asportatis the plaintiff may recover the value of the finished lumber when the severance is willful, as in trover actions, it is clear that it was error to give written charge 3 at the request of the plaintiffs, since it authorized that measure of damages without any finding by the jury that the severance was willful. Gray v. Alabama Fuel & Iron Co., supra.

■ The verdict and judgment was for $500. The evidence most favorable to plaintiffs showed that from 5,000 to 7,000 feet of timber was cut by defendant; that it was worth $25.00 per 1000 feet immediately after severance and $125 per 1000 after conversion into lumber. The amount of the verdict shows unmistakably that the jury did not award damages on the basis of the value of the trees immediately after they were severed. To sustain such a verdict the jury must have used the measure of damages erroneously given them in plaintiffs' given charge 3, or found that the cutting of the trees was willfully and knowingly done without the consent of the owner under count 2, or awarded punitive damages under count 3 or count 4. As to count 1, the jury was instructed by the court that they could only award nominal damages if they found for the plaintiffs.

In view of the nature of the evidence as to the manner and circumstances under which the timber was cut, we feel that after an examination of the entire cause, the error in giving plaintiffs' written charge number 3 probably injuriously affected the substantial rights of the defendant.

It follows that the judgment is reversed and the cause remanded.

Reversed and remanded.

FOSTER, SIMPSON, and STAKELY, JJ., concur.