# IVEY vs. McQUEEN.

1. The actual value of growing timber is not its supposed worth to the owner, but the price for which it would sell at the time in the neighborhood in which it is situated.

2. The statute (Clay's Dig. 316, § 25,) which declares that "in all actions to recover damages for torts, the plaintiff shall recover no more costs than damages, where such damages do not exceed five dollars," does not authorise the court in such case to render judgment against him for the residue of the costs.

Error to the Circuit Court of Lowndes. Tried before the Hon. Nath. Cook.

STONE & JUDGE, for the plaintiff:

1. The measure of damages is generally the *actual injury* which the plaintiff in the particular case has sustained, and all the facts and circumstances which tend to show this actual injury are admissible evidence.—Sedgwick, 28-29-30.

2. No certain or positive rule can be laid down as to what facts or circumstances can be given in evidence.—See Johnson v. The State, at the present term. They must depend upon each particular case. Very remote injuries are sometimes embraced in the assessment of damages.—Shaw v. Cummiskey, 7 Pick. 76; Weaver v. Puryear & Williamson, at this term. (In this case the facts sought to be proven clearly would have shed much light on the question of the actual injury sustained by Ivey. Timber to one man might be almost valueless, while to another it would make up almost the entire value of his land. What would be the value to the planter of the best tract of land if he had no timber to fence it? Certainly but little.)

3. The court below should not have rendered judgment in favor of defendant for costs. The statute (Dig. 316, § 25,) only provides that the plaintiff shall recover no more costs than damages. The court had not power to give judgment in favor of defendant, for the statute gave none. In actions at law costs abide the event of the suit, unless a different rule be given by statute. The court should have left the parties in interest to recover their costs in proceedings instituted for the purpose.

4. But the plaintiff is not in any case responsible for the defendant's costs, &c. The defendant's costs are left to abide the general rule that the unsuccessful party shall pay the costs.

ELMORE & YANCEY, for the defendant.

CHILTON, J.—This was an action of *trespass quare clausum fregit* by the plaintiff in error against the defendant. Plea not guilty. Judgment in the court below in favor of the plaintiff on the verdict of a jury for four dollars and forty-five cents damages and the same amount of cost, and against him for the remainder of the cost.

The question, as we understand the bill of exceptions, is substantially this, whether one whose timber is destroyed is entitled

27

to recover the value of the timber in the neighborhood in which it is situated, or may he recover what is its supposed value to the owner of it, based upon the fact that the owner had a prairie farm hard by dependant for rail timber and the like upon the land on which the timber had been destroyed? The rule in respect of damages in such cases is that the party is entitled to recover the actual damage he has sustained, and if the circumstances are aggravated and show malice, the plaintiff may recover what the law terms vindictive or punitory damages. By what rule shall we estimate the actual damage? We think the actual value of the timber is what it was worth in the neighborhood as it stood before the trespass was committed—not what it would have been worth, if differently situated, in other parts of the country. Timber in our dense forests may be of very little value, because there is but little demand for it; whereas if it it were situated on the sea coast, or near a town or in a place where it is scarce and greatly in demand, it may be of immense value. Its chief cost may consist in the price of transportation from the point where it abounds to the place where it is in demand. So that it would be utterly unjust to charge the defendant with any other than its forest value. He should be responsible for the rate at which such timber is sold at the place or in the neighborhood where it stood, and not as the counsel for the plaintiff insisted, the value of such timber in other parts of the county.— Blydenburg et al. v. Welsh, 1 Baldwin, 331; Gregory v. McDowell, 8 Wend. Rep. 435; Sedgwick on the Meas. of Dam. 280-1. "Damages," says Lord Coke, "hath a special signification for the recompence that is given by the jury to the plaintiff or defendant for the wrong the defendant hath done unto him."—Co. Litt. 257, a; Sedgw. Dam. 29. The plaintiff must recover so much as will repair the injury he has sustained—he may recover more if the trespass was aggravated. That injury consists in the loss of his timber, and the value of his timber at the time and place of the injury is the extent of his loss. This view accords with the decision of the Circuit Court.

The court should not, however, have entered judgment against the plaintiff for the remainder of the cost. The statute which declares he shall recover no more cost than damages, unless his recovery amounts to more than five dollars, does not au-

thorise the court to give judgment against the plaintiff for the residue.

The judgment must be corrected in this court at the cost of the plaintiff in error. It is otherwise correct, and must be affirmed.