## WILLINGHAM vs. HARRELL.

[MOTION TO DISMISS APPEAL.]

1. *To what term appeal is returnable.*—An appeal should be taken to the first ensuing term of the supreme court, (Code, §§ 3018, 3022, 3030,) although the intervening period may be less than ten days; and if taken to the second ensuing term, it will be dismissed on motion.

APPEAL from the Chancery Court of Dallas.
Heard before the Hon. JAMES B. CLARK.

GEO. W. GAYLE, and D. W. BAINE, for appellant.
BYRD & MORGAN, contra.

A. J. WALKER, C. J.—The appeal in this case was
taken on the 28th day of December, 1858, six days before
the commencement of the January term, 1859, and was
made returnable to the June term, 1859. A motion is
made to dismiss it, upon the ground that an appeal must
be taken to the next ensuing term, notwithstanding there
may be an intevening period of less than ten days.

Section 3018 of the Code makes it the duty of the
register, clerk of the circuit court, or judge of probate,
upon the taking of an appeal, to issue a citation, return-
able to the *next* term of the supreme court. Section
3022 requires the delivery, upon application, of a transcript
to the appellant, "in time to be returned to the *next* term
of the supreme court." These two sections impose duties
upon the officer granting an appeal, consistent only with
the supposition, that the appeal should be taken to the
next succeeding term of the supreme court; and there is,
therefore, a clear manifestation of a design that it should
be so taken.

It is also a requisition of section 3018, that the citation
to the appellee should be served ten days before the court
to which the appeal is taken. This does not modify the
construction of the other parts of the law, which con-
template the return of the appeal to the next term. The
service of the citation is not indispensable to the jurisdic-
tion over the appeal, but is provided for the benefit of
the appellee, and may be waived. It was said in Cooper
v. Maclin's Heirs, 25 Ala. 298, that the citation was not
necessary to the appeal, and that the failure of the appel-
lant to make application for it did not affect the validity
of the appeal. That the service of the citation, or the
possibility of its service, ten days before any term of the
court, does not affect the pendency of the appeal in the
court at that term, is still further indicated by that clause

44

of section 3030 which directs that the cause shall not stand for trial, unless the citation was served ten days before the term. Viewing this clause in connection with that which prescribes the ten days service of notice, we conclude that the latter may operate upon the question of trial or continuance, but not upon the question of the term to which the appeal should be taken.

At the June term, 1858, without writing an opinion, we affirmed upon certificate a judgment in the case of Fair v. Williams and wife. The appeal was taken to that term of the court, within less than ten days before its commencement. The judgment in that case is a decisive precedent upon the question before us; for, if an appeal *may* be taken to the next term, which is to commence within less than ten days, it *must* be so taken. Otherwise, there would be no *rule*.upon the subject. Appeals, where the interval preceding the next term was less than ten days, would be taken to the next term, or the one afterwards, at the election either of the appellant, or of the officer granting the appeal.

A further consideration, which persuades us to the conclusion indicated above, is, that if a party can make his appeal returnable to the term following the next term, it will be in his power to produce a delay in some cases where, in the absence of such a rule, he could not.

We do not think any very serious inconvenience will result from the adoption of an unbending rule, that appeals must be taken to the next term. If a case should present itself, in which a transcript could not be prepared in time to enable the appellant to file it as soon as is required, the court could always, upon application, adopt such a course as would avoid detriment to the party.

Appeal dismissed.