# Southern Industrial Institute
# *v.* Hellier.

## *Action of Assumpsit.*

1. *Trial and its incidents; when the introduction of evidence discretionary with the court.*—In the trial of an action of assumpsit when the plaintiff has made out a *prima facie* case, after the defendant has introduced his testimony, and after the plaintiff has closed his testimony in rebuttal, as to whether the defendant will be permitted to introduce other testimony which was not in rebuttal of plaintiff's testimony, is in the discretion of the trial court, and is not revisable.

2. *Action of assumpsit; when plaintiff entitled to recover for services of wife.*—In an action brought by plaintiff to recover an amount alleged to be due for services as a teacher—where defendant sets up the fact that plaintiff during part of the time alleged to have been covered by such services, was sick and the evidence tended to show that during such time the wife of plaintiff taught for him, and it is open to the jury to find that the defendant accepted the services of the wife in lieu of the plaintiff, it is error for the court to instruct the jury that they could not find for the plaintiff for services rendered by his wife.

3  *Same; same.*—In such an action where one of the items of the account sued on was the salary earned by plaintiff's wife, and the plaintiff testified that the salary earned by his wife during such time belonged to him, the creditability of such evidence was a question for the jury, and it would be error to instruct the jury that the plaintiff could not recover anything for the salary promised to be paid his wife.

APPEAL from Tallapoosa Circuit Court.

Tried before the Hon. N. D. DENSON.

This was an action of assumpsit brought by appellee, F. O. Hellier against the Southern Industrial Institute to recover an amount due appellee from the defendant for services rendered as a teacher in said institute. The defendant pleaded the general issue, and by way of special pleas set up the defense that it was not indebted to the plaintiff in the manner and form as alleged; that it had paid the debt; that while plaintiff was employed as teacher in the defendant's school he lost considerable time from said school, and that the value of the time so lost was offered as a set-off, or in recoupment of the amount claimed by plaintiff.

On the trial of the cause plaintiff introduced testimony tending to show that he had rendered services as a teacher to the defendant under a contract of employment, and that he had not been paid the full amount due him, and that the amount claimed in this suit was a balance due. The defendant introduced testimony tending to show that while plaintiff was in its employ as a teacher, by reason of sickness, lost considerable time. In rebuttal the plaintiff introduced testimony showing that during the time he was sick his wife, Mrs. Hellier, taught for him and in his stead; and that during the time she taught for him she was not employed by the defendant as a teacher. There was testimony introduced that Mrs. Hellier had, during part of the time of plaintiff's employment, been employed as a teacher in said school.

The other facts are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and duly excepted to its refusal to give said charges as requested:—(1.) "The court charges the jury that if they believe the evidence in this case, they cannot find for the plaintiff for any amount on account of services rendered by Mrs. Hellier during the fall of 1901." (2.) "The court charges the jury that the plaintiff cannot recover anything for the salary of Mrs. Hellier during the time she was employed as a teacher by the defendant." (3.) "If the jury believe

that plaintiff's account has been paid down to less than one hundred dollars, and if they further find that he lost one month's time out of the school during the fall of 1901, while the school was in session, then the plaintiff cannot recover and your verdict will be for the defendant."

There was a verdict and judgment for the plaintiff. The defendant made a motion for a new trial on the ground that the verdict was contrary to the evidence, because same was contrary to law, and because the verdict was excessive. The court overruled the motion for a new trial, and the defendant duly and legally excepted. The defendant appeals and assigns as error the rulings of the court below.

JAS. W. STROTHER, for appellant.

THOS. L. BULGER, contra.

TYSON, J.—The trial court, it appears, excluded the testimony of the witness Langley because not in rebuttal, but was part of the defendant's original case. In this there was no error. The evidence sought to be elicited from this witness was for the purpose of showing that defendant was entitled to certain credit upon the account sued upon. In other words, to show a payment upon the account by defendant under its plea of payment. After the plaintiff made out a *prima facie* case, which he did by testifying that the account introduced in evidence was correct, the burden was upon the defendant to establish his plea of payment, and this it ought to have done before plaintiff offered his evidence in rebuttal. Whether he should have been permitted to do so after plaintiff had closed his testimony in rebuttal, was within the discretion of the trial court and not revisable.

There was evidence that Mrs. Hellier, during the fall of 1901, while plaintiff was sick, taught for him and in his stead; that she was not employed by defendant during that period as a teacher. It was open to the jury to find that defendant accepted her services in lieu of her

[Town of Elba v. Rhodes.]

husband's, the plaintiff, and that he was to receive the compensation for those services under his contract of employment, just as though he had rendered them himself. Charge 1 was, therefore, properly refused.

The plaintiff testified that the salary earned by Mrs. Hellier as teacher during the session 1900-01, which is comprised in one of the items of the account sued on, belonged to him. The credibility of this testimony was for the determination of the jury and not for the court.

Charge 2, requested by defendant, was therefore improper.

Charge 3 refused to defendant is not intelligible. And, indeed, cannot be made so without a change in its phraseology, which, of course, we are not authorized to do. Charges must be given or refused in the terms in which they are written.—§ 3328 of Code.

We are unwilling to affirm that the court should have granted the motion for a new trial.

Affirmed.

MCCLELLAN, C. J., SIMPSON and ANDERSON, J.J., concurring.