(98 South. 387)

**SOUTHERN RY. CO. v. MORRIS.
(8 Div. 586.)**

(Supreme Court of Alabama. Nov. 15, 1923. Rehearing Denied Dec. 20, 1923.)

**1. Evidence ⊙➡130—Contract between other parties held inadmissible.**

Agreement between Director General of Railroads and a union of railroad employees, made while plaintiff was in the service of the United States Railroad Administration, *held* irrelevant and incompetent, in action against railroad company for work and labor performed by plaintiff for the company after its road was returned to it; there being no evidence that it was binding on either party to the suit, or even that plaintiff was a member of the labor union.

**2. Trial ⊙➡143—Affirmative charge properly denied on conflicting evidence.**

The evidence being in conflict, either by positive proof or reasonable inferences that may be drawn from the testimony on the issue of prior overpayment, the affirmative charge is properly refused, and the question left to the jury.

**3. Trial ⊙➡261—Requested charge containing wrong word properly refused.**

Under Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815, requiring requested charges to be in writing and to be given or refused as written, requested charge containing the word "defendant" where, in view of the evidence, undoubtedly "plaintiff" was intended, and unintelligible as written, was properly refused.

**4. Appeal and error ⊙➡197(6), 295, 304—No complaint for first time of recovery not asked in complaint.**

It cannot on appeal, for the first time, be complained that the judgment allowed recovery for services during a time subsequent to that asked for in the complaint; but in the trial court there should have been objection to such evidence, or motion for new trial on the ground of excessive verdict, and a ruling obtained, so that it could be reviewed. Code 1907, § 2846, as amended by Gen. Acts 1915, p. 722; Gen. Acts 1915, p. 707, § 3.

Appeal from County Court, Morgan County; W. T. Lowe, Judge.

Action by Jake Morris against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

S. A. Lynne, of Decatur, for appellant.

The defendant was entitled to the affirmative charge requested.

Wert & Hutson, of Decatur, and Tennis Tidwell, of Albany, for appellee.

Overpayments made by defendant could not be recovered from plaintiff. Winter v. City Council, 65 Ala. 403; Sou. Ry. v. Florence, 141 Ala. 493, 37 South. 844, 3 Ann. Cas. 106.

MILLER, J. Jake Morris, the appellee, sues the Southern Railway Company, a corporation, the appellant, for $125 for work and labor performed for it by him at its request during the months of April, May, June, and July, 1921, with interest thereon. The jury returned a verdict in favor of plaintiff for $100.48, and, from a judgment therefor in favor of the plaintiff, this appeal is prosecuted by the defendant, the Southern Railway.

The evidence without dispute showed defendant owed plaintiff for the last half of July and the first half of August, 1921, for services rendered. The defendant claimed, and defended on the theory that plaintiff had by error been overpaid the amount due him between May 1, 1920, and March 15, 1921, in the sum of $136.54, and that this amount exceeded what was due and claimed by plaintiff for services rendered in July and August, 1921.

[1] There was evidence that plaintiff entered the service of the United States Railroad Administration in October, 1918, as a baggage porter, and remained in the service until the railroad was returned to the defendant; and he then continued in service of the defendant as baggage porter until August 15, 1921, when he was discharged by the defendant. The defendant offered in evidence an agreement between the Director General of Railroads in respect of railroads in federal operation and employés thereon, represented by the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employés, effective January 1, 1920. The court sustained objections of plaintiff to the introduction in evidence of this agreement. The defendant then offered in evidence rule 49 of this agreement, which had reference to intermittent service of employés; and the court sustained objections of plaintiff to its introduction in evidence.

Neither the contract nor rule 49, which was a part of it, was relevant and competent evidence in this case. No error can be predi-

⊙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cated and sustained on these rulings of the court. Neither the plaintiff nor the defendant was a party to that contract or agreement. There is no evidence indicating it was binding on either party to this suit; and we find no evidence even showing that plaintiff was an individual member of that labor union or any other union. Hudson v. Cincinnati, N. C. & Tex. P. Ry. Co., 152 Ky. 711, 154·S. W. 47, 45 L. R. A. (N. S.) 184; Ann. Cas. 1915B, 98; 16 R. C. L. 425, § 10.

[2] The court refused to give the jury the general affirmative charge with hypothesis in favor of the defendant, which was in writing and requested by the defendant.

The plaintiff testified there was no contract of hire, that he asked for the job, and it was given to him by the defendant. His rate of pay was on a monthly and not on an hourly basis. He was informed by defendant's agent that the defendant's time inspector claimed that he had been overpaid about $135, and asked him to sign an agreement of some kind which he declined to do. He testified defendant owes him for services rendered during the last half of July and the first half of August, 1921. The defendant admitted it owed plaintiff $47.52 for the last half of July and $38.70 for the first half of August, 1921, and these amounts were withheld because he was overpaid to the amount of $136.54 between May, 1920, and March 15, 1921, by mistake on an hourly rate instead of on a monthly basis. The real question in the case was whether appellee had been overpaid by the defendant for the services he had rendered. The evidence was in conflict on this issue, either by positive proof or reasonable inferences that may be drawn from the testimony, and the court properly left that question to the jury. There was no error committed by the court in refusing to give that charge to the jury. McMillan v. Aiken, 205 Ala. 35, h. n. 9–11, 88 South. 135.

[3] The following written charge numbered 3 was requested by the defendant, and it was refused by the court:

"(3) I charge you that the fact that the defendant was discharged should not be considered in arriving at your verdict."

The plaintiff, and not the defendant, was discharged. There was evidence that the defendant discharged the plaintiff, and no evidence that defendant was discharged. The writer of the charge no doubt intended to insert in it the word "plaintiff" instead of "defendant"; yet this error justified the court in refusing to give it. Charges must be given or refused in the terms in which they are written; and this charge as written was not intelligible unless the word defendant as used therein was changed to plaintiff. This the court was not authorized to do; and the court did not err in refusing to give it. South. Institute v. Hillier, 142 Ala. 686, 39 South. 163; section 5364, Code 1907, as amended Gen. Acts 1915, p. 815.

[4] The appellant claims the judgment for $100.48 is unjust and should be reversed, because it allows plaintiff to recover for services rendered in August, which were not sued for in the complaint. It is true nothing is claimed in the complaint for labor performed in August; and there is evidence that defendant owed plaintiff $38.70 for services rendered during that month. This evidence was admitted without objection. No ruling of the court was requested thereon. There was no motion for new trial presented to the court raising the question. There is no ruling of the court on the subject for us to review. It should have been presented to the lower court by proper objection to the evidence or by motion for new trial based on the ground the amount of the verdict was excessive, and a ruling of the court obtained thereon, so this court could review it. Section 2846, Code 1907, amended Gen. Acts 1915, p. 722; section 3, Act approved Sept. 22, 1915, Gen. Acts 1915, p. 707; Obear-Nester Glass Co. v. Mobile Drug Co., 208 Ala. 618, 95 South. 13.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.