**GOWAN v. WISCONSIN–ALABAMA LUMBER CO.  (5 Div. 944.)**

(Supreme Court of Alabama.  June 17, 1926. Rehearing Denied Nov. 11, 1926.)

**1. Trial ⬤═85.**

Admission of letter containing admission of trespass and offer of settlement was not error, where only objection was to letter as whole; admission of wrongdoing being competent evidence.

**2. Trover and conversion ⬤═66.**

Evidence of plaintiff's ownership of timber *held* sufficient to go to jury in action for conversion of timber.

**3. Trover and conversion ⬤═52.**

In trover against inadvertent wrongdoer for conversion of logs or trees as chattels, measure of damages is market value immediately after severance.

**4. Trover and conversion ⬤═39.**

Admission of evidence of value of timber converted at water's edge and by side of rail-

road instead of where severed *held* proper, though value had been increased by cost of transport to these points.

**5. Trover and conversion ⚭49.**

Instruction that if timber converted had fluctuating value jury should award plaintiff highest value shown by evidence with interest from date of conversion *held* proper.

**6. Trespass ⚭56 — Trover and conversion ⚭60.**

Punitive damages are recoverable for willful conversion or trespass.

**7. Trespass ⚭68(1)—Refusal of instruction that plaintiff could recover only nominal damages for trespass held proper, where evidence showed value of timber cut.**

In suit for trespass to realty and conversion of timber, refusal of instruction that under count for trespass plaintiff could recover only nominal damages *held* proper, where evidence showed value of timber cut and removed by defendant even though evidence did not show value of land before and after trespass was committed.

**8. Principal and agent ⚭159(1).**

Principal *held* answerable for willful wrong of his agent, in which he did not participate, in knowingly and willfully cutting defendant's trees, under Code 1923, § 10371.

**9. Principal and agent ⚭159(1).**

Principal is liable for all common-law consequences of agent's wrongdoing in cutting defendant's trees, including his malice or willfulness, if any.

**10. Judgment ⚭252(1).**

Where counts in trespass and trover each claimed $1,500, plaintiff could not recover more than single sum claimed.

**11. New trial ⚭162(2).**

Where jury awarded damages in excess of claim on counts in trespass and trover, trial court should have required remission of excess or granted new trial, in view of Code 1923, § 6150.

Appeal from Circuit Court, Coosa County; E. S. Lyman, Judge.

Action by the Wisconsin-Alabama Lumber Company against J. E. Gowan. Judgment for plaintiff, and defendant appeals. Affirmed on condition of remittitur.

These charges were given for plaintiff:

B. "The court charges the jury that if you believe from the evidence that defendant did willfully and knowingly cut from plaintiff's land in section 13 and 14, township 22, range 16, and without plaintiff's consent pine trees, then, gentlemen, plaintiff is under the law entitled to a verdict of $10 per each tree so cut by defendant."

(2) "I charge you, gentlemen, that if you believe from the evidence that the timber alleged to have been converted was converted by defendant J. E. Gowan, and you further believe that such timber had a fluctuary value, then, gentlemen, you are authorized to find for the plaintiff for the highest value as shown by the evidence, with interest thereon from the date of the conversion."

(7) "The court charges the jury that if you believe from the evidence that defendant willfully trespassed upon the lands of the plaintiff, then, gentlemen, in addition to the damages you find from the evidence to have been caused by the trespass, you are authorized to assess punitive damages."

Charge 9, refused to defendant, is as follows:

(9) "The court charges the jury that if you find for the plaintiff under count 1 of the complaint you can only assess nominal damages, viz., one cent or some nominal sum."

V. J. Heard and J. B. Atkinson, both of Clanton, for appellant.

In an action to recover penalty for cutting trees, the burden is upon plaintiff to prove title to the land or trees. Defendant was entitled to the affirmative charge as to this count. Shelby Iron Co. v. Ridley, 135 Ala. 513, 33 So. 331; Stockburger v. Aderholt, 195 Ala. 56, 70 So. 157; Austin v. Moebes, 212 Ala. 455, 102 So. 535. In an action for conversion of trees or trespass to freehold by cutting trees, the burden is on plaintiff to show actual possession or legal title to the land. Pearce v. Aldrich Min. Co., 184 Ala. 610, 64 So. 321; Cooper v. Watson, 73 Ala. 252; McCay v. Parks, 201 Ala. 647, 79 So. 119; Powers v. Hatter, 152 Ala. 636, 44 So. 859; Brothers v. Norris, 209 Ala. 426, 96 So. 328. The measure of damages for trespass for cutting trees is the difference between the value of the land before and after trespass. Charge 9 should have been given, plaintiff having failed to prove any damage. Brinkmeyer v. Bethea, 139 Ala. 376, 35 So. 996; Southern Ry. v. Cleveland, 169 Ala. 22, 53 So. 767; Riggin v. Hogg, 203 Ala. 243, 82 So. 341. The measure of damages for conversion is the value of the timber where severed. White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159. An offer of compromise and admissions made for the purpose are inadmissible as evidence. 22 C. J. 308; Collier v. Coggins, 103 Ala. 281, 15 So. 578; Jackson v. Clopton, 66 Ala. 29; Sandlin v. Kennedy, 165 Ala. 577, 51 So. 622. The testimony fails to show willful cutting of trees, and punitive damages were not recoverable. Ala. Power Co. v. Bodine, 213 Ala. 627, 105 So. 869; Long v. Cummings, 156 Ala. 577, 47 So. 109; M. & O. v. Turner, 209 Ala. 667, 96 So. 707. The verdict was excessive, and motion for new trial on this account should have been granted. Tribble v. Crestline Co., 167 Ala. 398, 52 So. 600; 23 Cyc. 795; Clark v. Watson, 195 Ala. 7, 71 So. 95.

H. A. Teel, of Rockford, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellee.

---

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Secondary evidence, when not objected to, is effectual to prove title. Higdon v. Kennemer, 112 Ala. 355, 20 So. 470; Yorkshire Ins. Co. v. Bunch-Morrow, 212 Ala. 588, 103 So. 670. Ownership, when a collateral issue, may be proved by secondary evidence. Garrison v. Glass, 139 Ala. 512, 36 So. 725; 3 Mayfield's Dig. 460. Evidence of values at the nearest market is admissible. Zimmerman v. Dunn, 151 Ala. 440, 44 So. 533. Berry v. Nall, 54 Ala. 446. Punitive damages are recoverable for trespass, and may be recovered, though only nominal damage is shown. Devaughn v. Heath, 37 Ala. 595; W. U. T. Co. v. Dickens, 148 Ala. 480, 41 So. 469; Coleman v. Pepper, 159 Ala. 310, 49 So. 310; Southern R. Co. v. McEntire, 169 Ala. 42, 53 So. 158; Goodson v. Stewart, 154 Ala. 662, 46 So. 239. Punitive damages are recoverable for willful trover. Howton v. Mathias, 197 Ala. 457, 73 So. 92; St. L. & S. F. v. G. F. & A., 213 Ala. 108, 104 So. 33. Each count of a complaint is a statement of a separate cause of action, and a verdict may include the total allowed for claims under the separate counts. 10 Michie's Ala. Dig. 1008; 5 Mayfield's Dig. 754; Bryant v. Southern R. Co., 137 Ala. 491, 34 So. 562; Maupay v. Holley, 3 Ala. 103.

SAYRE, J. Action by appellee against appellant in counts charging trespass to realty, conversion of pine and oak timber, and, under section 10371 of the present Code, for cutting trees willfully and knowingly without the consent of the owner.

Stress is laid upon appellant's contention that plaintiff failed to offer evidence of its ownership of the trees, and, hence, that defendant (appellant) was entitled to the general affirmative charge duly requested. At numerous places in the evidence and by several witnesses the trees in controversy were spoken of as the trees of plaintiff. However, there was absence, so far as these witnesses were concerned, of any direct affirmation that the trees were the property of plaintiff. But it appeared in evidence that, pending the dispute between the parties, defendant had written a communication to plaintiff in which he said:

"With respect to our conversation to-day regarding trespass by my loggers, * * * according to my check on this, there has been a total of about 68,200 feet cut over on your line. I consider the satisfactory settlement of this trespass would be a payment by me to you of $350."

This was admitted over defendant's objection, and, if properly admitted, constituted an admission of plaintiff's ownership.

[1] The communication to which we have referred was in part incompetent, since it contained an offer of compromise; but, in other part, viz., that part in which defendant said, in effect, that he had checked the trees cut and found a total of about 68,200 feet, was a statement of relevant fact, admissible notwithstanding its connection with the offer of compromise, because it must be supposed to have been made because of defendant's belief in its truth. Matthews v. Farrell, 140 Ala. 298, 37 So. 335; Gibbs v. Wright, 14 Ala. 467; 22 C. J. 314, where many cases are cited. In order to bring about the exclusion of the incompetent part, defendant's objection should have separated the incompetent from the competent. As it was, the court committed no error in overruling defendant's objection. Chambers v. Ringstaff, 69 Ala. 146; 22 C. J. 316.

Charge B, given for plaintiff, was nothing more than a statement of the law as found in section 10371 of the Code.

[2] Assignments of error 22 and 25, based on the court's refusal of the general affirmative charge as to counts 2 and 5, counts in conversion, cannot be sustained. The main insistence in this connection is that there was no evidence of actual possession by plaintiff nor evidence of title to establish constructive possession. As to this, we refer to what has been said above. As for the rest, the evidence went to show a conversion of plaintiff's trees. True, evidence for defendant tended to show that he had cut and carried away only trees that had been boxed for turpentine and that such trees had been boxed prior to plaintiff's purchase of the land on which they stood; but the evidence as to this was in conflict, that for plaintiff tending to show, not only the cutting of other trees on its land, but that some of the trees cut had been boxed by defendant after its purchase and that the boxing as well as the cutting were done in the course of trespasses on plaintiff's land. Like considerations serve to show that several other assignments of error urged in appellant's brief must be held for naught.

[3, 4] The trees cut from plaintiff's land had been taken in part to the railroad and in other part to the bank of Weogufka creek, both only a short distance away from the place of cutting. Plaintiff was allowed, over defendant's objection, to introduce testimony as to the value of the timber at the water's edge and by the side of the railroad. The most specific objection to this testimony was that "it was not the proper measure of damages." It may be seriously doubted that the quoted language was explicit enough to raise the point to which the argument is now addressed; which is that the evidence should have been limited to the value of the trees at the place where they were cut. In trover against an inadvertent wrongdoer for the conversion of logs or trees as chattels, the rule is that the measure of recovery is the value immediately after severance. White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159. But this means market value, and there was no error in admitting evidence of value at the water's

edge and by side of the railroad where, it may be assumed, these logs or this timber came for the first time in contact with the market—with conditions conferring market value. Their value had been increased by the cost or value to transport to these points, but that circumstances did not render evidence of value at such points irrelevant or incompetent. Zimmerman Mfg. Co. v. Dunn, 151 Ala. 440, 44 So. 533; Berry v. Nall, 54 Ala. 451.

[5] There was no error in giving charge 2 requested by plaintiff. The charge correctly stated the law. Mattingly v. Houston, 167 Ala. 167, 52 So. 78; Merritt v. Williams, 214 Ala. 427, 108 So. 257. There was evidence going to show that the value of timber or logs fluctuated, and if, as appellant contends, there was no proof of the difference between values, the verdict affords no evidence that thereby the jury were misled to appellant's prejudice.

[6] Charge 7 was properly given to plaintiff, punitive damages are recoverable for willful conversion or trespass. White v. Yawkey, supra; Coleman v. Pepper, 159 Ala. 310, 49 So. 310; Goodson v. Stewart, 154 Ala. 660, 46 So. 239.

Plaintiff's witness Braswell was allowed to testify that "they" were cutting over the line when he went down there. His testimony was that he knew the lines of plaintiff's property "all the way round," and the context made it clear that he spoke of trespasses by defendant's agents or employees on plaintiff's land. Appellant seems to suggest that the controversy between the parties grew out of a disputed boundary line and that plaintiff should have resorted to an action—at law, the suggestion is—to settle that question before bringing this suit. But the evidence for plaintiff went to show that defendant, through his agent or agents, went over upon plaintiff's land to cut timber after the dividing line had been pointed out to him, and if this version of the facts were accepted by the jury, we think rather that the burden was upon defendant to take action first to settle the boundary; and, however that may be, it has already appeared that defendant afterwards admitted, in effect, trespasses upon plaintiff's land and the cutting of timber there. We will not be understood as holding that the admission to which we have alluded was conclusive of the rights of the parties; we intend only to say that it was evidence of title, sufficient, in the absence of better, to establish title, and, of course, if title was in plaintiff, the acts of defendant or his agents cannot be justified.

[7] Appellant insists that under count 1 of the complaint, charging trespass to realty and cutting timber thereon, though not alleging willful wrong, plaintiff was not liable for more than nominal damages—this on the theory, as we understand, that there was no evidence to show the value of the land before and after the trespasses alleged, and hence no proof of the proper measure of damages. Brinkmeyer v. Bethea, 139 Ala. 378, 35 So. 996. There was ample evidence of the value of the timber cut and removed by defendant's agent from plaintiff's land, and this measured in part the damage done, though possibly not the whole damage. Ivey v. McQueen, 17 Ala. 408. Defendant's charge 9 was refused without error.

[8, 9] The verdict assessed damages as follows: "Damages, $1,207.14 for timber. Punitive damages, $500. Total, $1,707.14." And judgment went for the total amount. We think the verdict and judgment must be referred to the counts in trespass or conversion, the damages assessable in either case, under the evidence which showed only the value of the trees cut, being the same. The assessment of $500 as punitive damages cannot be referred to the counts claiming the statutory penalty, for, while there was evidence enough that defendant's agent Alston cut trees when and where he could find a good one, there was hardly any to justify a finding that defendant participated in any willful cutting. Under the statute defendant is not answerable for the willful wrong of his agent in which he did not participate. He is, however, liable for all the common-law consequences of his agent's wrongdoing, including his malice or willfulness, if any. Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32.

[10, 11] The counts in trespass and trover claim each the sum of $1,500. The count under the statute claimed much more, but, as we have said, the recovery cannot be referred to that count. The single sum claimed in the other counts was, in the circumstances stated, the limit of possible recovery. The trial court, therefore, should have granted the motion for a new trial on the ground of excessive damages, or should have required a remission of damages to the extent the same appeared to be excessive as a condition to overruling the motion. This court, upon a review of the entire record, is of opinion that a judgment for $1,250 will properly compensate plaintiff, appellee, for the damages shown, and, accordingly, in pursuance of section 6150 of the Code of 1923, will affirm the judgment if appellee within 30 days hereof shall certify to the clerk of this court a remittitur of damages in excess of the said amount; otherwise the judgment will be reversed.

Affirmed conditionally.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.