22 So.2d 730

### NORRIS v. WYNNE et al.

### 8 Div. 289.

Supreme Court of Alabama.

June 30, 1945.

Russell W. Lynne, of Decatur, for appellees.

Newton B. Powell and Ben L. Britnell, both of Decatur, for appellant.

FOSTER, Justice.

This appeal is controlled by the effect of an award of arbitrators appointed under section 740, Title 7, Code, as to the value of permanent improvements of land made by appellant, after a mortgage foreclosure

sale in an effort by appellees to exercise the statutory right of redemption under section 727, et seq., Title 7. Demand was made as authorized by section 731 for a statement of the debt and lawful charges claimed by appellant. This was furnished in the time allowed, and included certain items of alleged permanent improvement as lawful charges with the value of each. Within ten days appellees "disagreeing thereto" appointed a referee as provided in section 740, supra, and appellant also appointed one, and they not agreeing appointed an umpire, and the award was made by all three agreeing. A tender was made of the proper amount based on that award; it was refused, and this bill was filed with the money paid into court as a tender. The bill made allegation as to the circumstances we have detailed as to the necessity for an arbitration, and what the result was.

The answer admits that appellant is ready and willing for the redemption to be effected upon payment of the amount justly due him on said indebtedness, but makes an attack on the award as not binding on him for reasons which we have paraphrased from the answer as follows:

(1) The award did not represent the true amount due appellant, and was greatly less than such true amount.

(2) That their conclusion was a result of fraud, (without giving detail of facts on which that allegation was made).

(3) That the tender was insufficient to satisfy the indebtedness (without detail of facts).

(4) That the arbitrators did not consider all the items of lawful charge which appellant claims (but it does not specify any particular item which was improperly omitted).

(5) That the arbitrators reached their conclusion as a result of a misconception of the facts; did not have sufficient facts or the true facts, especially relative to the cost of said improvements (without specific averment of details).

(6) That the arbitrators had a misconception of the law governing the case, and misconstrued the law in that they did not so regard some of the improvements which appellant made; and did not allow full cost of the permanent improvements which they treated as such (alleging no particulars).

(7) That the award was a result of fraud on the part of the arbitrators in that they made the award contrary to the undisputed facts as to what improvements were made and as to the actual cost of the same; and that they were partial to appellees in making the award (without further detail).

(8) The award was not legal (not specifying the legal principle violated to support that contention).

The trial court on evidence taken before a commissioner, granted relief and decreed the redemption.

The principles of law which seem to have application are well settled. We will repeat some of them. The proceedings under section 740, supra, are not governed by the article in the Code providing for statutory arbitration, beginning with section 829, Title 7, but are controlled by the principles of the common law. Stevenson v. King, 243 Ala. 551, 10 So.2d 825.

A bill of this nature has some of the characteristics of one whose purpose is the specific performance of a contract, especially in respect to the nature and form of pleading in setting up the defense available. So that if the complaint shows on its face a valid and legal proceeding pursuant to section 740, supra, and the common law, if defendant wishes to impeach the award, he must in his answer set up specifically the grounds on which he relies to support his claim in such form and manner as to inform complainant what objections are relied on to defeat the award, and reopen the controversy it was intended to close. Black v. Woodruff, 193 Ala. 327, 337, 69 So. 97, Ann.Cas.1918C, 969; Brewer v. Bain, 60 Ala. 153, 159; Willingham v. Harrell, 34 Ala. 680; 6 C.J.S., Arbitration and Award, § 111(3), p. 261. This should be done pursuant to established rules of pleading. If one relies upon fraud as a defense, the facts on which the allegation of fraud is founded must be alleged and be sufficient in law to constitute fraud. Willingham v. Harrell, supra. Grounds 2 and 7 of the defense supra are not well pleaded.

And to the extent that appellant insists that the arbitrators did not allow items as permanent improvements which were so in fact, the answer should specify the particular items included in that insistence. We agree with the theory that under section 740, supra, it is not the province of the arbitrators to determine what items are and what are not permanent improvements. It contemplates that they shall only deter-

mine values, not substantive questions such as enter into a controversy of what is or not a permanent improvement. The statute has not undertaken to force the parties to submit substantive issues to arbitration. If the arbitrators, contrary to their authority, excluded proper items as permanent improvements, but it is not shown on the face of their finding that they are proper, the party adversely affected must by proper pleading tender an issue in that respect. Brewer v. Bains, supra, 60 Ala. at page 160. It is therefore clear that ground of objection numbered 4 is not well pleaded.

██ It is also well understood that to set aside an award for a mistake of law or fact in arriving at a conclusion, the mistake must appear upon the face of the award. Black v. Woodruff, supra, 193 Ala. at page 338, 69 So. 97, Ann.Cas.1918C, 969; Bumpus v. Webb, 4 Port. 65, 29 Am.Dec. 274. So that objections numbered 5 and 6, noted above, are not good grounds on which to base appellant's contention.

██ It may also be noted that the matter to be determined by the arbitrators is the value of the permanent improvement, not its cost. But of course evidence of its cost is material, though not controlling. Ewing v. First Nat. Bank, 227 Ala. 46, 148 So. 836.

██ When a demand is made for a statement of lawful charges, the redemptioner is not bound to accept the statement as conclusive. Durr Drug Co. v. Acree, 241 Ala. 391, 2 So.2d 903; Godfrey v. Black, 240 Ala. 151, 197 So. 892. If the statement includes items which are not a permanent improvement, he would not be bound to concede it, or have an arbitration as to its value, but on a bill to redeem could contest it. On the other hand, if the award left out items which the purchaser claimed as permanent improvements, he could set them up in defense, and claim them notwithstanding the award. The court would then determine whether they were proper as a permanent improvement, and, if so held, fix their value and include them in decreeing a redemption. But to accomplish that result, there must be made a proper issue as to those items by the respondent who is resisting a redemption.

██ Appellant calls attention to section 732, supra, as providing for legal interest on the amount of the lawful charges, and that this was not included in the amount of the tender, the amount paid into court, nor in the decree providing for a redemption. There was no mention made of such claim in the pleading in this case. But it is not necessary to do so, when it is payable by virtue of a statute having special reference to that situation. 33 Corpus Juris 257, section 188. But generally interest is not recoverable on unliquidated demands. Grand Bay Land Co. v. Simpson, 207 Ala. 303(4), 92 So. 789. Sometimes interest is allowed on unliquidated demands when it is capable of ascertainment by mere computation, or when the demand was complete at a certain time and its amount is determined by fixed standards of value. Mobile & O. R. R. Co. v. Williams, 219 Ala. 238, 121 So. 722(22).

██ We do not think section 732, supra, contemplated the allowance of interest on the value of permanent improvements while still in the use and enjoyment of the purchaser until the amount of their value is agreed upon or is ascertained by arbitration as provided in section 740, supra. In the instant case the amount so fixed was tendered at once, and declined, but not because it did not include interest. It was then promptly paid into court. We think that satisfies the requirement as to interest here material.

The decree of the trial court gave effect to our views, and it is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.