56 So.2d 108

## BALLS v. CRUMP.

### 4 Div. 586.

Supreme Court of Alabama.
Jan. 10, 1952.

Patterson & Patterson, Phenix City, for appellant.

W. R. Belcher and Smith & Smith, all of Phenix City, for appellee.

LAWSON, Justice.

This is an action of detinue by appellee against appellant. The complaint reads: "The Plaintiff claims of the Defendant the following personal property, to-wit: One 1941 Model automobile, Cadillac, Motor No. 534971."

Defendant below, appellant here, gave a bond pursuant to § 918, Title 7, Code 1940, and so retained possession of the property pending the suit.

The cause was tried before a jury. The verdict was: "We the jury find for the Plaintiff 1941 Model Cadillac, Motor # 5 349 171—4 door sedan or the alternate value $1300.00, plus $500.00 rental for use of car." Judgment was in accord with the verdict. Defendant's motion for new trial being overruled, she has appealed to this court.

The case was submitted here on the merits and on appellee's motion to dismiss the appeal. The ground of the motion is that appellant failed to give security for costs of appeal.

Appellant is a married woman. She sought to effect her appeal under the terms of § 799, Title 7, Code 1940. Under the authority of that section, a married woman is permitted to appeal without giving security for the costs upon making affidavit of her inability to do so, in cases there enumerated; that is, when the judg-

ment either (1) subjects to sale any of her property, (2) or it is for the payment of money, (3) or is for the doing or performing of any act by her. Pritchett v. Wilson, 239 Ala. 146, 194 So. 176.

Appellee in support of his motion to dismiss relies in the main upon the case of Citizens' Bank v. Watkins, 226 Ala. 634, 148 So. 335. But we think that case is clearly distinguishable from the one at bar. In Citizens' Bank v. Watkins, supra, the judgment was against the married woman for the property sued for or its alternate value. The judgment did not contain any damages for detention, as does the judgment in this case. We think the inclusion in the judgment of damages for detention makes it a judgment for the payment of money within the meaning of § 799, Title 7, supra. Ex parte Jones, 217 Ala. 208, 115 So. 301; Ex parte Green, 239 Ala. 290, 194 So. 889. The motion to dismiss the appeal is denied.

■ The appellant urges that the trial court was in error in overruling the motion for a new trial because the verdict of the jury was contrary to the great weight of the evidence as it related to the ownership and right to possession of the automobile. We cannot agree with this contention. It is unnecessary to set out the evidence. It was in decided conflict. The evidence as it related to the ownership and right to possession of the automobile was for the jury. Certainly the preponderance of the evidence was not so decidedly against the verdict as to convince us that it was wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Davis v. Radney, 251 Ala. 629, 38 So.2d 867.

■ The sheriff of the county testified on behalf of plaintiff below. On direct examination he testified that in August, 1948, he levied on the automobile in question and that at the time of the levy its value was $1800. On cross-examination the trial court sustained plaintiff's objections to the following questions:

"Mr. Matthews, you testified in another case during the recent term of the Court in which this automobile was an issue?

\*   \*   \*   \*   \*   \*

"I will ask you if in a recent term of the Court if the Plaintiff in this case, Mr. Crump, didn't charge this lady with stealing this automobile."

Reversible error is not made to appear in connection with the trial court's action in sustaining plaintiff's objections to these questions.

The brief of counsel for appellant makes but slight reference to the rulings of the trial court on the objections to these questions. The only argument made is that the rulings prevented the appellant from laying foundation for the impeachment of the witness. But when viewed in the light of the witness' testimony on direct examination, we do not think the questions can be said to have been propounded for that purpose. Counsel for appellant certainly failed to so advise the trial court. The questions when considered together seem to us to be an attempt to prove that plaintiff in this action had charged the defendant with larceny of the suit property. An affirmative answer to the second question, if not followed up, would certainly have proved damaging to the defendant, not to the plaintiff. No doubt, if the witness had given an affirmative reply to the second question, the defendant would have followed with another question seeking to show that the defendant had been acquitted of larceny. Whether defendant's purpose was to show merely the charge of larceny or the acquittal of that charge as well, we do not think the trial court erred in its rulings. We have held that a judgment of acquittal in a criminal case is not admissible in favor of the defendant against another, when the issue arises in a civil case between them. Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, 226 Ala. 226, 146 So. 387; Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L.R.A. 617. Moreover, the fact that plaintiff did charge the defendant with larceny and that she was acquitted of that charge was established later in the trial by the testimony of both plaintiff and defendant.

■ It is urged here that the trial court erred in refusing to grant a new trial on the ground that the damages assessed for the detention of the automobile are ex-

cessive. The evidence as it related to damages for detention, admitted without objection, was sufficient to warrant the jury in fixing the amount of damage for detention at $500. But damage for detention was not claimed in the complaint. The ground of the motion for new trial that the damage assessed was excessive was, we think, sufficient to raise the question as to whether a new trial should have been granted or the damage awarded for detention remitted in its entirety as a condition to overruling the motion for new trial. § 276, Title 7, Code 1940; Gowan v. Wisconsin-Alabama Lumber Co., 215 Ala. 231, 110 So. 31; Southern Ry. Co. v. Morris, 210 Ala. 463, 98 So. 387.

▮ The complaint did not follow the Code form for recovery of chattels in specie. § 223, form 27, Title 7, Code 1940. As before shown, the complaint in this case made no claim for recovery of damages for detention, as is contained in the form prescribed by the Code.

Appellee argues that he was entitled to recover damage for detention irrespective of the fact that no such damage was claimed in the complaint. This contention is based on the provisions of § 921, Title 7, Code 1940, which section relates to the verdict in a detinue suit. Said section reads as follows: "Upon the trial, the jury must, if they find for the plaintiff, assess the value of each article, separately, if practicable, and also assess damages for its detention; if they find for the defendant, they must in like manner assess the value, and, if in the possession of the plaintiff, assess damages for its detention. Judgment against either party must be for the property sued for, or its alternate value, with damages for its detention to the time of trial."

We are in accord with the appellee's contention. The language of the statute quoted above is mandatory. That mandate to the jury applies where they find for the defendant and the property has been in the possession of the plaintiff. If the jury is required to award damages for detention in the case of the defendant, who certainly does not have to make a claim therefor, we think it was the intention of the legis-lature that such damages be awarded a successful plaintiff, regardless of whether claim therefor is included in the complaint, provided there is evidence to support such an award. The situation here is analogous to the principle that interest need not be claimed when it is payable by virtue of a statute or principle of law. Roe v. Brown, 249 Ala. 425, 31 So.2d 599; Norris v. Wynne, 247 Ala. 100, 22 So.2d 730.

ı We have considered all assignments of error sufficiently argued in brief to warrant treatment here and, finding no reversible error in any of such assignments, we conclude that the judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

All the Justices concur.