BRADLEY, Judge.
This is a detinue action.
Bonnie Hancock Argo filed an action in detinue against her son, John Greene, and against her daughter-in-law, Deanne Greene, to recover certain personal property from them or its alternate value. Deanne Greene filed an answer denying the allegations of the complaint but John Greene failed to do so.
After a hearing before the court without a jury, the court found in favor of defendant Deanne Greene and against Bonnie Argo. The court entered a default judgment against John Greene for $4,689.88 as the alternate value of the property, the recovery of which was being sought by the plaintiff.
Plaintiff filed a motion to alter or amend the judgment or, in the alternative, for a new trial. The motion essentially raised a new claim against defendant Deanne Greene. The new claim sought recovery of the $2,500 or the property given as security for the $2,500 loan to plaintiff’s son. This motion was denied and the plaintiff appeals.
Plaintiff contends on appeal that the trial court erred in not rendering judgment for her and against Deanne Greene, for the property sued for, or, at the least, a judgment for the money “loaned” with interest.
To begin, the plaintiff filed an action in detinue against John Greene and Deanne Greene to recover certain property she claimed belonged to her or its alternate value. The proof offered by plaintiff in support of her claim was directed solely to the fact that she bought the property from her son and daughter-in-law and paid for it and now she wanted to recover it or its alternate value. She at no time suggested that she had loaned the money to her son and daughter-in-law. As a matter of fact, she specifically said it was not a loan but a sale.
Accordingly, the case will be reviewed on appeal on the same theory on which it was tried below, i.e. plaintiff was trying to recover property from her son and daughter-in-law that they had sold to her. Shoemaker v. Money, 409 So.2d 847 (Ala.Civ.App.1981).
Notwithstanding our observance of the above stated principle, a claim now by plaintiff that the property was given as security for a loan to her son would avail *952 her nothing. There is evidence in the record to support the trial court’s judgment in favor of Deanne Greene even on this new theory espoused by plaintiff.
The evidence in the record tends to show that John Greene went to his mother and told her he wanted to borrow $2,500 from her to pay some gambling debts. Plaintiff testified that she and her son agreed that she would buy certain furniture and other personal property from him for $2,500. A list of the items to be sold was prepared and given to the plaintiff.
The plaintiff went to a bank and borrowed $2,500. Collateral for this loan was property belonging to the plaintiff. None of the property to be bought from her son and daughter-in-law was listed as a part of the collateral for the loan from the bank. A cashier’s check for $2,500, made payable to the plaintiff and John Greene, was given to plaintiff who, in turn, gave it to John Greene. Both plaintiff and John Greene endorsed the check. The name of Deanne Greene also appears on the back of the check as an endorsement. She said that her husband was at work and could not go to the bank to cash it, and he asked Deanne to cash the check for him. Apparently the bank required Deanne to endorse the check before it would cash it, since she was not listed on the face of the check as a payee.
After a few months plaintiff attempted but failed to obtain possession of the furniture. She then filed the action to recover the personal property she contends she bought from her son and his wife, Deanne Greene. Since the filing of the detinue action, John Greene and Deanne have been divorced. Deanne has in her possession most of the items that were purportedly sold to the plaintiff.
Deanne Greene testified that the list of furniture and other personal property items was prepared by her husband, who said that his mother wanted the list to take to the bank. Deanne stated that at the time she signed the list there were no other names or other writing on the list.
Deanne testified that she did not sell the listed items to the plaintiff and that she did not give the furniture to plaintiff as security for a loan to her husband. She said that the items were not paid for at the time she made the list and payment was still being made on them. She also said that she and her husband had filed for bankruptcy and had listed these items on their bankruptcy petition.
Where evidence relating to the ownership and right to possession of personal property in a detinue action is in conflict, the resolution of the conflict is for the jury. Balls v. Crump, 256 Ala. 512, 56 So.2d 108 (1952). As the recitation of the evidence above shows, the plaintiff's ownership and right to possession of the items of personal property in question is in sharp conflict. The trial court, sitting without a jury, resolved that conflict in favor of the defendant Deanne Greene. Based on the evidence we can find no error in its decision.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.