This appeal arose out of an action brought by J.W. and Clara Edwards against Howard S. Ross on July 8, 1987, to enforce their right of redemption pursuant to Ala. Code 1975, § 6-5-230
(repealed January 1, 1989, Ala. Acts 1988, No. 88-441, § 14). We affirm.
The undisputed facts are as follows: Family Credit Services, Inc., foreclosed on a second mortgage that had been executed by David A. Markham. A public sale was held and Howard S. Ross purchased the property that was the subject of that sale, for $6,134. Markham assigned his right to redeem the property to J.W. and Clara Edwards. Subsequently, the Edwardses attempted to notify Ross, by certified mail, of their intent to redeem. However, Ross refused to accept the notice, and it was returned to the Edwardses' attorney. Thereafter, the Edwardses were successful in getting a letter hand-delivered to Ross, requesting a statement of the debt and lawful charges. Ross responded to this request, furnishing the Edwardses with a statement of charges totaling $26,846.65. After reviewing that statement, the Edwardses filed this action, seeking the court's assistance in determining the redemption price. The Edwardses alleged in their complaint that they had not tendered to Ross the amount that he had requested because they were unable to ascertain from the statement of charges whether they actually owed that amount. Ross moved to dismiss the complaint, alleging that the Edwardses had not complied with the statutory requirements. The trial court allowed the Edwardses to file a brief and an affidavit in opposition to Ross's motion to dismiss. Following oral arguments, the trial court denied the motion and the case went to trial. After hearing ore tenus
testimony, the trial court ruled that the Edwardses were entitled to redeem the property for $11,395.04. Ross appealed.
Ross contends that the trial court erred in denying his motion because, he says, the Edwardses did not comply with Ala. Code 1975, § 6-5-244, and did not allege a sufficient excuse for failing to tender to him, pursuant to Ala. Code 1975, § 6-5-235, the amount that he had requested, or for failing to pay into the court the amount necessary to redeem the property. We disagree.
Section 6-5-235, requires that "anyone entitled and desiring to redeem real estate under the provisions of this article must pay or tender to the purchaser or his vendee the purchase money, with interest at the rate of 10 percent per annum thereon, and all other lawful charges, with legal *Page 509 
interest." Payment or tender to the purchaser or his vendee under § 6-5-235 is a condition precedent to filing a complaint to redeem, unless excused. Daugherty Associates v. Silmon,535 So.2d 135 (Ala. 1988); Rhoden v. Miller, 495 So.2d 54 (Ala. 1986); Robino v. Green, 270 Ala. 491, 119 So.2d 897 (1960).
Section 6-5-244 requires, as a prerequisite to filing suit, that the redemptioner appoint a referee to resolve any disagreement as to the value of the permanent improvements
listed in the statement of charges. However, when other charges are in dispute, § 6-5-244 does not require the appointment of a referee. Dorrough v. Barnett, 216 Ala. 599, 114 So. 198 (1927). Likewise, § 6-5-244 does not require submission of substantive issues to arbitration. Norris v. Wynne, 247 Ala. 100, 103-04,22 So.2d 730, 732 (1945) ("it is not the province of the arbitrators to determine what items are and what are not permanent improvements" and § 6-5-244 "contemplates that they shall only determine values, not substantive questions such as enter into a controversy of what is or [is] not a permanent improvement"). Whether listed improvements have, in fact, been made is an issue properly reserved for resolution by the court.
In the present case, the trial court considered matters outside the pleadings in ruling on Ross's motion to dismiss; therefore, that motion was converted into one for summary judgment. Rule 12(c), A.R.Civ.P.; Sims v. Lewis, 374 So.2d 298
(Ala. 1979). The "scintilla rule" was abolished on June 11, 1987, see Ala. Code 1975, § 12-21-12, which was prior to the filing of this action by the Edwardses. Proof by "substantial evidence" is now the test when passing on a motion for summary judgment. In Bass v. SouthTrust Bank, 538 So.2d 794 (Ala. 1989), this Court stated as follows:
 "When the scintilla rule was in effect, it meant that when a party moving for summary judgment made a prima facie showing, on the basis of affidavits and other matters enumerated in Rule 56, Ala.R.Civ.P., that there was no genuine issue of material fact, then the burden shifted to the non-moving party to show that there was at least a scintilla of evidence in his favor. Hutchins v. State Farm Mut. Auto. Ins. Co., 436 So.2d 819, 825
(Ala. 1983). The Act abolishing the scintilla rule does nothing to change the procedure for handling the burden of proof, so if the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden still shifts to the non-movant; however, the burden is now greater than in the past, because the non-movant must show 'substantial evidence' in support of his position."
In the present case, Ross failed to make a prima facie showing that the Edwardses' noncompliance with §§ 6-5-235 and 6-5-244 was not excused. In fact, the only evidence that was before the trial court when it ruled on Ross's motion tended to show that the Edwardses were excused from tendering to Ross the amount that he had requested, as required by § 6-5-235, because they could not determine whether they owed that amount and, therefore, needed the court's assistance in determining the redemption price. In his affidavit, Mr. Edwards stated, in pertinent part, as follows:
 "My attorney, on my behalf, requested from Mr. Howard Ross a statement of charges relating to the subject property of the lawsuit now pending between myself and Mr. Ross. I have reviewed the statement of charges as presented by Mr. Ross to my attorney and find these charges very questionable and so exaggerated that I cannot ascertain . . . the true amount the Defendant is due.
 "I have spoken to persons who did work at the house and have had occasion to see the house on a regular basis. I cannot see any improvements that would have amounted to the dollar figure the Defendant has indicated to me.
 "Some of the charges relating to this property are not permanent improvements and therefore, I do not feel required to reimburse Mr. Ross for those charges. It is my belief that I need for *Page 510 
the court to ascertain the amount of charges Mr. Ross is due to receive."
Furthermore, Mr. Edwards's affidavit shows that he had been able to observe the property on a regular basis and that he had substantive questions concerning the propriety of the charges for the improvements listed in Ross's statement. In addition, it appears that the Edwardses challenged other charges set out in Ross's statement. Thus, the evidence shows that the Edwardses' noncompliance with § 6-5-244 was also excused. Likewise, the Edwardses were not required to pay any money into the court. See Beavers v. Transamerica Financial Services,Inc., 474 So.2d 1105 (Ala. 1985); Dorrough v. Barnett, supra;Slaughter v. Webb, 205 Ala. 334, 87 So. 854 (1921). The trial court did not err in denying Ross's motion.
Ross also contends that the trial court erred in its determination of the redemption price. Again, we disagree.
Where a trial court has heard ore tenus testimony, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly and palpably wrong. Rhoden v. Miller, supra. Ross offered no receipts, vouchers, bills, or statements to substantiate his charges. Sylvester Mazza, a real estate appraiser who had inspected the property, testified not only that the value of many of the improvements was exaggerated, but also that many of the alleged improvements apparently had never been made. Bill Wilkerson, a former tenant who had lived on the property, also testified that many of the alleged improvements had never been made by Ross. After reviewing the record, we cannot hold that the trial court's judgment setting the redemption price at $11,395.04 is plainly and palpably wrong.
Finally, Ross argues that the Edwardses were not entitled to redeem because, he says, they failed to come into court with "clean hands." It appearing that this issue was raised for the first time on appeal, we will not consider it. Chatman v. Cityof Prichard, 431 So.2d 532 (Ala. 1983).
AFFIRMED.
HORNSBY, C.J., and JONES, ADAMS and KENNEDY, JJ., concur.