DONALDSON, Judge,
concurring in part and dissenting in part.
I concur in the main opinion except for that portion of the opinion reversing the judgment awarding ownership of the dogs to Darlene Marie Hogan (“the wife”) and thereby implicitly ordering the trial court to award the dogs to Randall Hogan (“the husband”). The husband acknowledges that the evidence presented to the trial court regarding the ownership of the dogs was conflicting. It was within the trial judge’s discretion to find that any presumption that may have attached based on the husband’s possession of both dogs was overcome by the wife’s explanation of that possession. As observed in Placey v. Placey, 51 So.3d 374, 379 (Ala.Civ.App.2010), “ ‘[w]here evidence relating to the ownership and right to possession of personal property ... is in conflict, the resolution of the conflict is for the [fact-finder].’ ” (Quoting Argo v. Greene, 441 So.2d 950, 952 (Ala.Civ.App.1983),) The trial judge could have found from the evidence that one dog was owned by the wife before the marriage, that the wife did not transfer or relinquish ownership of that dog to the husband when she moved out, and that, under the prenuptial agreement, she was entitled to ownership of that dog as her separate property. As to the other dog, the trial judge could have found that the dog was jointly acquired by the parties during the marriage and not precluded from being awarded to either party under the prenuptial agreement and that the wife did not transfer or relinquish ownership of that dog to the husband when- she moved out. The husband does not argue that the wife could not care for the dogs or would have no place to keep them, and I would not reverse the trial court’s judgment on a ground not argued. See Smith v. Mark Dodge, Inc., 934 So.2d 375, 380 (Ala.2006) (citing “the well-settled rule that [an appellate court will] not reverse a trial court’s judgment on a ground not raised on appeal”).
Therefore, I would affirm the portion of the judgment awarding ownership of the dogs to the wife. I concur in the other parts of the opinion.